SEDLAK v FORD MOTOR COMPANY

LIMITATION OF ACTIONS—TORTS—CAUSE OF ACTION—ACCRUAL—TIME
OF INJURY—PRESERVING CLAIM.

> The cause of action stated in the complaint of a simple tort action
> based on negligence accrues on the date of injury and is not
> held in abeyance indefinitely until a prospective plaintiff ob-
> tains professional assistance to determine the existence of a
> possible cause of action; it is not necessary that a party should
> know the details of the evidence by which to establish his cause
> of action, it is enough that he knows that a cause of action
> exists in his favor, and when he has this knowledge, it is his
> own fault if he does not avail himself of those means which the
> law provides for prosecuting or preserving his claim within the
> period of limitation.

Appeal from Shiawassee, James M. Teahen, Jr.,
J. Submitted June 13, 1975, at Lansing. (Docket
No. 21788.) Decided August 28, 1975.

Complaint by Ronald Sedlak against Ford Motor
Company for damages for negligence. Accelerated
judgment for defendant. Plaintiff appeals. Af-
firmed.

*Shanahan & Scheid,* for plaintiff.

*Smith & Brooker, P. C.* (by *Lawrence E. Nill),* for
defendant.

Before: ALLEN, P. J., and D. F. WALSH and
O'HARA,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
51 Am Jur 2d, Limitation of Actions § 102 *et seq.*

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

O'HARA, J. Plaintiff filed a complaint the actionable part of which was that:

"The design of the tire jack was negligently performed by defendant."[1]

Apparently, or at least it is claimed, the jack malfunctioned and plaintiff was seriously injured as a result thereof.

This incident occurred on November 21, 1969. Suit was started June 19, 1974.

Defendant filed a motion for accelerated judgment raising the defense of the three-year statute of limitations.[2]

In a responsive affidavit plaintiff averred:

"1. His cause of action arose from a crushing injury to his skull occurring November 21, 1969, when a truck fell on his head.

"2. *He did not discover the negligent design of a tire jack until on and after January 29, 1973, when the investigations of his attorney revealed the possible direct relation between the design of the jack and the mechanics of the jack's collapse."* (Emphasis supplied.)

There is no point in this Court again discussing ad nauseam the nuances of difference in a tort action and the "amalgam of tort and contract concepts" said to make up causes of action variously designated "product liability", "breach of implied warranty of fitness" and similar names.[3]

The fact that plaintiff in a counter affidavit made reference to discovery by his attorney of the

---

[1] The jack in question was designed and manufactured by defendant and supplied to purchasers of its half-ton pick-up trucks.

[2] MCLA 600.5805(7); MSA 27A.5805(7).

[3] For example, see *Parrish v B F Goodrich Co,* 46 Mich App 85; 207 NW2d 422 (1973), *lv granted,* 390 Mich 779 (1973).

"possible direct relation between the design of the jack and the mechanics of the jack's collapse" does not affect his pleaded cause of action. The complaint is of a simple tort action based on negligence. That cause of action, if any, accrued on the date of his injury, November 21, 1969.

Absent certain exceptions as to disabilities, not here relevant, plaintiff had 3 years to find out or obtain adequate assistance in investigating the claimed relationship between the injury and the alleged negligent design.

It would be an extremely dangerous rule of law that the accrual date of a cause of action is held in abeyance indefinitely until a prospective plaintiff obtains professional assistance to determine the existence of a possible cause of action. Under such a theory, no limitations period would ever be binding.

The Supreme Court summed this all up as follows:

"It is not necessary that a party should know the details of the evidence by which to establish his cause of action. It is enough that he knows that a cause of action exists in his favor, and when he has this knowledge, it is his own fault if he does not avail himself of those means which the law provides for prosecuting or preserving his claim." *Kroll v Vanden Berg,* 336 Mich 306, 311; 57 NW2d 897 (1953).

Plaintiff knew on the date of his injury that the tire jack was involved.

However sympathetic we may be to one severely injured we cannot rewrite the law to create assertable causes of action when they are barred by statute.

The order granting accelerated judgment on the grounds asserted is affirmed. Costs to the appellee.