CITY OF HUNTINGTON WOODS v WINES

Docket No. 61310. Submitted November 8, 1982, at Detroit.—Decided January 20, 1983.

Robert Wines, an employee of the City of Huntington Woods, filed an unfair labor practice charge against the city with the Michigan Employment Security Commission, alleging that he was denied a promotion because of his union activities. A hearing referee ruled that Wines' claim was barred because the six-month period of limitation for such a claim had expired. The commission affirmed the decision of the referee. Wines appealed to the Court of Appeals, which held that the statute of limitations is tolled during the period that an employee has no actual knowledge or reason to know of the unfair labor practice and remanded the cause for a determination of whether the limitation period had run by application of that test, 97 Mich App 86 (1980). Following a hearing on the merits, the referee ruled in favor of the city. The commission again affirmed the decision of the referee. Wines appeals. *Held:*

1. The earlier decision of the Court of Appeals in this case was not a ruling that Wines' charge was filed within the limitation period. Rather, that decision announced a rule as to the tolling of the limitation period and remanded the cause for further proceedings so the rule could be applied to Wines' facts.

2. Wines' unfair labor practice charge was not timely filed and therefore is barred by the statute of limitations.

3. The other issues raised concerning the commission's decision on the merits need not be addressed since Wines' action is barred by the statute of limitations.

Affirmed.

LIMITATION OF ACTIONS — CAUSE OF ACTION — ACCRUAL.

The limitation period for a cause of action commences when the aggrieved person knows of the act which caused his injury and has good reason to believe the act was improper or done in an improper manner; it is not necessary that the person recognize

REFERENCE FOR POINTS IN HEADNOTE
51 Am Jur 2d, Limitation of Actions § 107.

that he has suffered invasion of a legal right, and the running of the limitation period is not held in abeyance until the person obtains professional assistance to help him determine whether he has a cause of action.

*Shifman & Goodman, P.C.* (by *Philip J. Goodman*), for plaintiff.

*David J. Wellman, P.C.* (by *David J. Wellman*), for defendant.

Before: D. C. RILEY, P.J., and N. J. KAUFMAN and D. F. WALSH, JJ.

PER CURIAM. This is an appeal from a decision of the Michigan Employment Relations Commission (MERC). That body upheld a hearing referee's dismissal of the appellant's charge.

Robert Wines, the appellant, charged that he was denied a promotion by the City of Huntington Woods, the appellee, because of his union activities. When the case first went before a hearing referee in 1980, the referee ruled that the six-month period of limitation had run. MCL 423.216(a); MSA 17.455(16)(a). That decision was appealed to this Court. In *Wines v City of Huntington Woods,* 97 Mich App 86; 293 NW2d 730 (1980), we held that the statute of limitations is tolled during the period that an employee has no actual knowledge or reason to know of the unfair labor practice. We remanded for the referee to apply this test and determine whether the limitation period had run in Wines' case. The referee deferred ruling on the issue until after a hearing on the merits. After the hearing, the referee ruled in favor of the city on two grounds: first, the limitation period had run because Wines knew of his cause of action and, second, Wines never proved that the denial of promotion was the result

of antiunion animus. MERC affirmed the referee's decision. On appeal, Wines presents three issues.

We first consider Wines' argument that our earlier decision was a ruling that Wines' charge was filed within the limitation period. If it was, the hearing referee would have been bound by that decision. In the opinion, this Court clearly announced a rule as to the tolling of the limitation period *but remanded the cause for further proceedings so the rule could be applied to Wines' facts.* We lacked sufficient facts to make that decision at the appellate level. MERC decided that Wines knew of the possibility that he was denied a promotion for union activities within the limitation period, yet failed to file a charge until after he had compiled more evidence.

With respect to determining when a person discovers, or knows or has reason to know of, his cause of action so as to commence the running of the limitation period, we have explained that it is not necessary that the person recognize that he has suffered invasion of a legal right. *Leary v Rupp,* 89 Mich App 145; 280 NW2d 466 (1979). Nor is running of the limitation period held in abeyance until a person obtains professional assistance to help him determine whether he has a cause of action. *Sedlak v Ford Motor Co,* 64 Mich App 61; 235 NW2d 63 (1975). Rather, the limitation period commences when the person knows of the act which caused his injury and has good reason to believe that the act was improper or done in an improper manner. *Leary, supra.*

The gravamen of Wines' unfair labor practice charge is that, because of his union activities, the city manager miscalculated his total test score. As a result, Wines had the second highest, rather than the highest, total score, and he was not

selected for promotion. Wines asserts that the limitation period did not commence until May 18, 1978, when in response to his request he received from the city the raw numerical score for the examination. Not until that time was Wines able to determine whether the total scores had been calculated in conformance with the scoring method provided in the written promotion policy. Therefore, Wines argues that his charge filed on July 13, 1978, was timely.

We agree with MERC that the six-month limitation period began to run on March 15, 1975, when another candidate was promoted. On that date, Wines knew that he had been denied the promotion. In addition, the events which Wines alleged at the hearing as proof of antiunion animus of the city manager had already occurred. Therefore, on March 15, 1975, Wines knew of the act injuring him and had good reason to believe that the act was improper.

By our finding that the unfair labor practice charge was barred by the six-month statute of limitations, we need not reach the other issues raised concerning MERC's decision on the merits.

Dismissal of charge affirmed.