LARSON v JOHNS-MANVILLE SALES CORPORATION

REVARD v JOHNS-MANVILLE SALES CORPORATION

BRIMMER v JOHNS-MANVILLE SALES CORPORATION

GLAZIER v FIBREBOARD CORPORATION

Docket Nos. 64286, 64287, 64649, 67510. Submitted February 8, 1984, at Detroit.—Decided January 23, 1985. Leave to appeal applied for.

Plaintiffs, Elizabeth A. Larson, Lucille E. Revard, Terry L. Brimmer and Hazel E. Glazier, each in the capacity of personal representative, brought actions for the wrongful deaths of their decedents against various corporate defendants. Each of the decedents had been an insulation worker and had been exposed to asbestos. Each died from an asbestos-related disease. The basis for plaintiffs' claims was products liability, with allegations of negligence, breach of warranty, strict liability and gross negligence. In each case the decedent was known, more than three years prior to his death, to be suffering from asbestosis. In the cases of Larson and Brimmer, death was alleged to have been caused solely by asbestosis and complications thereof. In the cases of Glazier and Revard death was alleged to have been caused by asbestosis or an independent asbestos-related cancer which was diagnosed, in each case, shortly before death. No actions based upon the asbestos-related diseases were brought by any of the decedents during their lifetimes. The cases were consolidated for hearing in the

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Death § 40.

Time from which statute of limitations begins to run against cause of action for wrongful death. 97 ALR2d 1151.

[2] 63A Am Jur 2d, Products Liability §§ 909, 913, 918.

Statute of limitations: when cause of action arises on action against manufacturer or seller of product causing injury or death. 4 ALR3d 821.

[3] 51 Am Jur 2d, Limitation of Actions § 137.

When statute of limitations begins to run as to cause of action for development of latent industrial or occupational disease. 1 ALR4th 117.

When limitation period begins to run against cause of action or claim for contracting of disease. 11 ALR2d 277.

Wayne Circuit Court. That court, John D. O'Hair, J., granted summary judgments to the defendants, holding that an action for wrongful death depended upon whether the decedent at the time of his death could still maintain an action for the underlying wrongful act and that the wrongful death action was not a new cause of action. Because no personal injury actions for asbestosis had been filed within the applicable three-year period of limitation, the court held that the wrongful death actions were barred. Plaintiffs appealed, alleging that the wrongful death act gives the personal representative a cause of action based on products liability for the decedent's death even though the decedent's cause of action was barred by the statute of limitations and that a wrongful death action may be brought based on the deaths from asbestos-related cancer, diagnosed less than six months prior to death, even though no action could be brought if death had resulted solely from asbestosis. *Held:*

1. The limitation period in a wrongful death action is governed by the limitation applicable to the theory of liability of the underlying wrongful act. Further, under the wrongful death act the liability of the tortfeasor is dependent upon whether the deceased could have recovered if death had not ensued. Thus, the cause of action accrues on the date of the wrongful act and the applicable limitation period begins to run at that time. The running of the limitation period prior to death precludes the wrongful death action by the personal representative.

2. The "general negligence" rule of accrual, in which a cause of action accrues and the period of limitation begins to run at the time of the wrongful act, applies to a products liability claim alleging the development of a latent occupational disease following exposure to a noxious substance. The Court of Appeals expressly declined to adopt the "discovery" rule of accrual.

Affirmed.

J. R. ERNST, J., concurred in the holding that the wrongful death actions based upon asbestosis were barred by the running of the limitation period prior to the deaths of the decedents. He dissented from the majority's holding that the Revard and Glazier claims, based upon death caused by recently-diagnosed cancer, were also barred. He would adopt the "discovery" rule of accrual in the case of a latent disease caused by exposure such as that in these cases. Under that rule, the claims of Revard and Glazier were timely as the limitation period did not begin to run until the discovery of the cancer which was

alleged to have been the cause of death. He would reverse in those two cases.

### Opinion of the Court

1. Torts — Wrongful Death — Limitation of Actions — Accrual of Cause of Action.

   The limitations period in any action brought under the wrongful death statute is governed by the limitation provision applicable to the liability theory of the underlying wrongful act, and the cause of action accrues on the date of the wrongful act, not on the date of death (MCL 600.2922; MSA 27A.2922).

2. Products Liability — Accrual of Cause of Action — Limitation of Actions.

   A cause of action for products liability accrues, and the period of limitation begins to run, at the time the wrong upon which the claim is based is done, regardless of the time when damages result (MCL 600.5827; MSA 27A.5827).

### Partial Dissent by J. R. Ernst, J.

3. Torts — Accrual of Cause of Action — Discovery of Cause of Action.

   *The discovery rule of accrual, in which a cause of action accrues when all of the elements of the cause of action are discoverable and may be pled in a proper complaint even though one or more of those elements may have occurred at an earlier time, should be applied in a case of a latent occupational disease caused by exposure to noxious substances.*

*Arthur L. Petersen, P.C.,* and *Baskin & Sears, P.C.* (by *Thomas W. Henderson* and *Robert L. Jennings, Jr.),* for plaintiffs.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Ted Amsden, Mitchell L. Chyette,* and *Ann Young Robinson),* for defendants.

Before: Beasley, P.J., and Gribbs and J. R. Ernst,* JJ.

Beasley, P.J. These four asbestos-related products liability cases were consolidated for hearing

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in the trial court and on appeal. Plaintiffs each appeal from similar orders granting summary judgment to defendants on the ground that plaintiffs' actions were barred by expiration of the periods of limitation.

These four product liability actions are identical in most significant respects. Each case is a wrongful death action brought by the personal representative of the estate on behalf of the statutory beneficiaries due to the death of the decedent from an asbestos-related disease or diseases. No personal injury actions were filed in any of these cases prior to the deaths of the decedents. The decedent in each case was an insulation worker, exposed to asbestos either by directly handling asbestos-containing insulation products manufactured by the various defendants or by proximity to these products while they were being handled and used by fellow workers.

Each complaint contends that the decedent was exposed while employed as an insulator at various times: George Glazier during the years 1937-1972; Leeman G. Revard during 1948-1970; Lawrence E. Larson from 1945-1972, and Lawrence Brimmer from 1951-1969. In each of the four cases it was alleged that the decedent had, prior to death, contracted the disease asbestosis, which either caused the decedent's death or was a contributing cause of his death.

Asbestosis is a non-carcinogenic disease process caused by inhalation of asbestos fibers and is characterized by a long latency period between exposure and apparent effect. Asbestosis is dictionary defined[1] as a fibrous induration of the lungs due to the irritation caused by inhalation of asbestos dust.

---

[1] See *Stedman's Medical Dictionary*, 116, 990 (Third Unabridged Law Edition, 1972).

In the Larson and Brimmer cases it was asserted that death was solely a consequence of asbestosis and complications thereof. The Glazier and Revard cases differ in that the cause of death was alleged in each to be a result of asbestosis and/or an independent asbestosis-related disease, namely, mesothelioma in the case of Glazier and metastatic carcinoma of the lung in the case of Revard. Malignant mesothelioma is a cancer of the mesothelial cells lining the pleural and pertioneal membranes which envelop the lungs and the abdominal cavity. Unlike asbestosis, which may or may not be disabling or ultimately fatal, malignant mesothelioma is an invariably fatal tumor which also has a long latency period between initial exposure to asbestos and eventual manifestation of the disease.

Regardless of the diseases involved, the four wrongful death complaints contain identical liability allegations as well as claims for relief. The plaintiffs filed liability claims based on negligence, breach of warranty, strict liability and gross negligence. The damages in each case were sought for the physical and mental pain and suffering suffered by the decedent, as well as damages for loss of earning capacity and medical, funeral and burial expenses incurred by the estate. Damages were also sought for the loss of consortium suffered by the widows and the sons and daughters of the decedents. In each case, jury trial was demanded.

In all four cases, defendants denied material allegations made in the complaints and raised various affirmative defenses. In each of the four cases the defendants alleged that the statute of limitations constituted a complete bar to the wrongful death actions. All parties engaged in considerable discovery in these four cases, after which motions for summary judgment were filed,

alleging that each of the four cases was barred by expiration of the periods of limitation. Throughout the oral argument and re-argument in all proceedings, plaintiffs stipulated that papers and memoranda submitted on behalf of one defendant, including arguments, could be considered to have been submitted on behalf of all defendants.

The crucial facts upon which the summary judgments were awarded are not in dispute. Defendants in all four cases argued that each of the four plaintiffs was diagnosed as having asbestosis more than three years prior to his death. Since no personal injury action was filed based on asbestosis prior to the death of each decedent, all defendants argued that subsequent wrongful death actions were time-barred regardless of whether or not they were filed on the basis of death due to asbestosis or due to a separate and distinct asbestos-related disease, namely, mesothelioma in the Glazier case and metastatic carcinoma of the lung in the Revard case.

In all four cases, plaintiffs admitted that personal injury causes of action due to asbestosis had accrued more than three years prior to the deaths of the decedents, and that no legal actions based upon asbestosis were ever filed during the lifetimes of the decedents. Thus, the personal injury actions for asbestosis were time-barred in all four cases prior to the deaths of the decedents. However, in all four cases, plaintiffs argued that the barring of the personal injury actions for asbestosis did not bar wrongful death actions brought on behalf of statutory beneficiaries who sought damages under the wrongful death act for deaths due to asbestosis or separate and distinct asbestos-related diseases.

The following are the relevant dates concerning the four cases:

Larson was diagnosed to have asbestosis no later

than September 7, 1972. Assuming that Larson's personal injury action accrued no later than September 7, 1972, his personal injury action for asbestosis was time-barred by the statute of limitations no later than September 7, 1975. Larson died August 26, 1977. The personal representative of Larson's estate filed a wrongful death complaint on January 10, 1980, some two and one-half years after Larson's death.

Brimmer knew that he had asbestosis no later than July 26, 1967, when he filed a worker's compensation claim to recover for its disabling impact. Assuming that Brimmer's personal injury action for asbestosis accrued at that time, his cause of action for asbestosis was time-barred on July 26, 1970. Brimmer died on April 14, 1978, and the complaint under the wrongful death act was filed January 10, 1980.

Revard knew that he had asbestosis no later than February 10, 1971. Assuming that Revard's personal injury action for asbestosis accrued at that time, his action for asbestosis was time-barred on February 10, 1974. Revard was diagnosed as having bronchogenic cancer in approximately January, 1977. Revard died on July 6, 1977, and a wrongful death action based on his death due to asbestosis and metastatic carcinoma of the lung was filed on October 31, 1979.

Glazier discovered he had asbestosis no later than March 28, 1973, when he filed a worker's compensation claim. Glazier was awarded workers' compensation benefits for asbestosis in May, 1974. Assuming that Glazier's cause of action for asbestosis accrued on March 28, 1973, his personal injury action was time-barred on March 28, 1976. Glazier died on November 1, 1977. The personal representative of Glazier's estate suggests that the mesothelioma was discovered approximately ten

days before his death. The wrongful death action due to his death from asbestosis and malignant pleural mesothelioma was filed on October 31, 1979.

In the four cases, summary judgment was entered on the basis that a wrongful death action depended upon whether or not the decedent at the time of his death still could lawfully maintain a lifetime personal injury action for the underlying wrongful act or conduct upon which the wrongful death action would be based. The trial court held that the wrongful death action was not a new cause of action, but rather, was a substitution for whatever viable personal injury action still existed at the time of the decedent's death. The trial court entered summary judgments in all four cases on the basis that the personal injury actions for asbestosis had not been initiated prior to death and were time-barred at the time of death. The trial court considered separate and distinct diseases, namely, lung cancer in Revard and mesothelioma in Glazier, as further complications of asbestos exposure and not of the disease asbestosis. Nevertheless, the trial court ruled that if a decedent had awareness of an asbestos-related injury or damages, but not necessarily the proper medical characterization of the disease or the full extent of the disease, and the disease was disabling, that point in time began the running of the period of limitation; and if no personal injury action was filed within three years, no later wrongful death action could be filed regardless of the cause of death.

On appeal, two issues are argued. First, appellants claim that the wrongful death act gives the personal representative of an estate a cause of action for damages grounded in products liability for causing the death of her husband where, at the time of his death, his cause of action for the same

asbestos-related products liability action would have been barred by the applicable statute of limitations.

In resolving this issue, we look first to the Michigan wrongful death act,[2] whose pertinent provisions for our purpose are:

"(1) Whenever the death of a person or injuries resulting in death shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages, in respect thereof, then and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony. All actions for such death, or injuries resulting in death, shall be brought only under this section."

The wrongful death statute does not contain a limitation period, but MCL 600.5805; MSA 27A.5805, as amended by 1978 PA 495, § 1, reads as follows:

"(1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.

\* \* \*

"(8) The period of limitations is 3 years after the time of the death or injury for all other actions to recover damages for the death of a person, or for injury to a person or property.

"(9) The period of limitations is 3 years for a products

[2] MCL 600.2922; MSA 27A.2922.

liability action. However, in the case of a product which has been in use for not less than 10 years, the plaintiff, in proving a prima facie case, shall be required to do so without benefit of any presumption."

MCL 600.5827; MSA 27A.5827 provides that the period of limitation begins to run as follows:

"Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in sections 5829 to 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results."

None of the parties disputes that the decedents had personal injury causes of action during their lifetimes against these defendants, which accrued when they were diagnosed as having asbestosis. In each case, this diagnosis occurred more than three years prior to the death of the decedent. No legal actions were ever filed during the lifetimes of the decedents seeking damages from these defendants for asbestosis. Plaintiffs concede that personal injury actions for asbestosis were time-barred during the lifetimes of the decedents. Yet, plaintiffs argue that the barring of a personal injury action for asbestosis does not bar a wrongful death action grounded upon asbestosis brought on behalf of statutory beneficiaries under the wrongful death act. In essense, plaintiffs argue that the wrongful death act confers an independent cause of action which can only accrue at the injured person's death. Since each plaintiff in these four cases filed a complaint within three years after the date of her respective decedent's death, the plaintiffs argue that their actions were not time-barred.

Recognizing that in Michigan wrongful death

acts and survival acts have had checkered histories, we will not burden this opinion with detailed recitals and many references to cases dealing with these issues. Rather, we proceed directly to *Hawkins v Regional Medical Laboratories, PC,*[3] which we believe controls decision here.

In *Hawkins,* the Supreme Court said:

"Mr. Hawkins had a fully vested cause of action, if at all, on or about April 29, 1975, the date of the alleged wrongful act. He lived until January of 1976. His cause of action, if any, having accrued at the date of the wrongful act, the applicable limitations period began to run from that date.

"* * * We agree and expressly hold that in all actions brought under the wrongful death statute, the limitations period will be governed by the provision applicable to the liability theory of the underlying wrongful act. * * *

"Additionally, we hold that actions brought pursuant to MCL 600.2922; MSA 27A.2922 accrue as provided by the statutory provisions governing the underlying liability theory and not at the date of death."[4]

Applying *Hawkins,* we look to the wrongful act causing death, or injuries resulting in death, but not to the death itself. Under the statute, the liability of the tortfeasor exists where the deceased could have recovered if death had not ensued. Therefore, the cause of action accrues on the date of the wrongful act and the applicable limitation period begins to run from that date. The appropriate limitation period is governed by the provision applicable to the liability theory of the underlying wrongful act.

Since a decedent's death does not create a new cause of action and any right of action for asbesto-

---

[3] 415 Mich 420; 329 NW2d 729 (1982).

[4] *Id.,* pp 436-437.

sis against these defendants arose presumably when the decedents knew or should have known of their disease, we believe that the running of the period of limitation against the injured person's right of action bars the statutory right of his personal representative to sue for the injured person's wrongful death.

In the instant case, as we have stated, the plaintiffs allege a wrongful death cause of action sounding in products liability. All four plaintiffs concede that the three-year period of limitation for products liability contained in MCL 600.5805(9); MSA 27A.5805(9) had run prior to commencement of their respective asbestosis claims. Applying the authorities referred to above, we conclude that the trial court was correct in awarding summary judgment in the four cases on these claims.

Second, plaintiffs claim that wrongful death actions based on the decedents' deaths from asbestos-related cancer, which was diagnosed less than six months prior to the decedents' death, may be brought even though no wrongful death action could have been filed if the decedent had died from asbestosis.

As previously indicated, the statute of limitations for products liability cases provides that a civil cause of action for damages for personal injuries must be filed within three years of the date it accrues or the cause of action is time-barred.[5] Since the Legislature has not defined when a products liability cause of action accrues, the general rule, which provides that the period of limitation beings to run from the date of the

---

[5] MCL 600.5827; MSA 27A.5827 states that:

"The claim accrues at the time provided in sections 5829 to 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results."

alleged wrong, not from the time the wrong is discovered, would appear to apply.[6] This means that the claim accrues at the time the wrong upon which the claim is based was done, regardless of the time when damages result.

Previously, this Court has held that the so-called "discovery rule" was not applicable in wrongful death cases based in products liability.[7] But, in *Stoneman v Collier*,[8] the plaintiff's damages were immediately apparent as a result of the defective product. On the other hand, the within plaintiffs contend that, because of the latent nature of the decedents' illnesses, the causes of action did not accrue until the decedents knew or reasonably should have known of their injuries.

Regarding diseases with a long development period, such as asbestosis, bronchogenic carcinoma, or mesothelioma, there are essentially three judicial points of view. With respect to when a period of limitation begins to run in cases seeking to recover damages from the development of such a latent industrial or occupational disease, Anno, 1 ALR4th 117, 120-121, summarizes as follows:

(1) The "general negligence" rule: The cause of action accrues, and the statute of limitation starts running, at the person's initial exposure to the substance because the person has sustained an injury, and therefore all the elements of the cause of action are present. "The running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date."

(2) The "continuing negligence" rule: The statute of limitations starts running from the time of

---

[6] *Connelly v Paul Ruddy's Equipment Repair & Service Co*, 388 Mich 146; 200 NW2d 70 (1972).

[7] *Stoneman v Collier,* 94 Mich App 187; 288 NW2d 405 (1979).

[8] *Id.*

the person's last exposure to the substance or at the time of termination of employment.

(3) The "discovery" rule: The statute of limitations for latent industrial or occupational diseases starts running from the date of discovery or diagnosis of the disease.

In Michigan, we have not yet squarely addressed the issue of when a cause of action accrues in a situation where exposure to a substance at work results in a latent disease. We are constrained to hold that the statute which suggests that the plaintiff's cause of action accrues at the time of the wrongful act is controlling.[9]

Plaintiffs argue, with some merit, that the present trend favors expansion of the statute of limitations to apply the so-called discovery rule to products liability cases.[10] We believe that if a change in judicial policy of this magnitude is to occur, such a policy change should come from the Supreme Court or the Legislature. Obviously, there are many broad factors going both ways that will contribute toward the formulation of a wise policy. We are aware that adoption of the so-called discovery rule would lead to reversal in the Revard case, where decedent was allegedly diagnosed as suffering a metastatic carcinoma of the lung or bronchogenic cancer approximately six weeks before his death, and in the Glazier case where mesothelioma was allegedly diagnosed approximately ten days before death. For the reasons indicated, we decline to adopt the discovery rule. We assume that in these cases, appeal will be taken to the Supreme Court, a step with which we are in full accord, in the sense that it will be well to have a final word on this issue.

[9] MCL 600.5827; MSA 27A.5827.
[10] See Anno., 91 ALR3d 991; 1 ALR4th 117.

Affirmed.

Gribbs, J., concurred.

J. R. Ernst, J. *(concurring in part; dissenting in part).* I concur in the result reached by the majority on plaintiffs' wrongful death actions for death resulting from asbestosis. I agree with the majority that "any right of action for asbestosis against these defendants arose presumably when the decedents knew or should have known of their disease", and that the running of the periods of limitation during the lifetimes of plaintiffs' decedents bars plaintiffs' statutory right as personal representatives to sue for wrongful death attributable to asbestosis.

I must, however, respectfully dissent from the subsequent portion of the majority opinion which appears to suggest that, for latent disease cases, "the cause of action accrues" (and the period of limitation begins to run) "at the time of the wrongful act".

Since this opinion does not control the disposition of this action, an exhaustive analysis and review of authorities does not appear to be warranted. However, suffice it to note that both the Supreme Court and this Court have recognized and applied a discovery rule of accrual where an element of the cause of action has occurred but cannot be pled in a proper complaint because it is not, with reasonable diligence, discoverable until some time after it has occurred. See, *e.g., Parish v B F Goodrich Co,* 395 Mich 271, 280; 235 NW2d 570 (1975); *Williams v Polgar,* 391 Mich 6, 24-25; 215 NW2d 149 (1974); *Bonney v The Upjohn Co,* 129 Mich App 18, 23-24; 342 NW2d 551 (1983); *Filcek v Utica Building Co,* 131 Mich App 396; 345 NW2d 707 (1984). As Justice Brennan pointedly

observed in *Connelly v Paul Ruddy's Equipment
Repair & Service Co,* 388 Mich 146, 151; 200
NW2d 70 (1972), running the period of limitation
from the day the tortious force was put in motion
would destroy plaintiffs' cause of action before it
even arose. I perceive no cogent reason for apply-
ing a different rule to the present plaintiffs, claim-
ing recovery for latent occupational or industrial
disease resulting from exposure to noxious sub-
stances, than the rule that has been applied in
other consumer product liability cases. The postu-
lation that the statute of limitations is a statute of
repose "intended to protect industrial and com-
merical interests by fixing a certain limit upon
exposure to liability for faulty products and work-
manship" has been unequivocally rejected by the
Supreme Court. *Ruddy, supra,* p 151. It should also
be noted that the Legislature has recognized the
discovery rule of accrual in actions for breach of
warranty. Plaintiffs' claims predicated on a theory
of implied warranty are governed by MCL
600.5833; MSA 27A.5833, which provides that "the
claim accrues at the time the breach of the war-
ranty is discovered or reasonably should be discov-
ered". See *Parish v B F Goodrich, supra,* p 281;
*Williams v Polgar, supra,* p 24, fn 16.

It is my opinion that the claims of plaintiffs
Revard and Glazier for wrongful death due to
bronchogenic carcinoma and mesothelioma, respec-
tively, are timely. The trial court found that bron-
chogenic carcinoma and mesothelioma were not
complications of the disease of asbestosis. Rather,
they were separate and distinct diseases resulting
from asbestos exposure. Despite this finding, the
majority has concluded that the diagnosis of the
disease asbestosis started the clock running as to
all of plaintiffs' claims for damages resulting from
exposure to asbestos, including future cancer. This

ignores the fact that during such time plaintiffs would have been unable to recover damages for future occurring asbestos-induced cancer, because such potential injury was at that time merely speculative and incapable of proof to a reasonable certainty.

In *Wilson v Johns-Manville Sales Corp,* 221 US App DC 337; 684 F2d 111 (1982); *Fearson v Johns-Manville Sales Corp,* 525 F Supp 671 (D DC, 1981); and *Pierce v Johns-Manville Sales Corp,* 296 Md 656; 464 A2d 1020 (1983), the courts comprehensively addressed this issue and, in each case, concluded that a diagnosis of asbestosis did not start the running of the period of limitation on a plaintiff's right to sue for mesothelioma or bronchogenic carcinoma, attributable to the same asbestos exposure, but not manifest until after a claim for asbestosis had become barred. In *Fearson, supra,* the Court observed:

"The plaintiff's illustration of this point by way of a hypothetical clarifies this reasoning. Suppose an individual takes a drug which causes a skin rash which disappears in a few days and no legal action is brought because of the minimal harm caused. Years later, the individual discovers that he or she has cancer which resulted from use of the same product. Under defendant's theory, the failure to sue for the skin rash would bar the suit for cancer." 525 F Supp 674, fn 4.

See also *Jackson v Johns-Manville Sales Corp,* 727 F2d 506 (CA 5, 1984).

In *Funk v General Motors Corp,* 392 Mich 91, 104; 220 NW2d 641 (1974), the Supreme Court stated that "[t]he policy behind the law of torts is more than compensation of victims. It seeks also to encourage implementation of reasonable safeguards against risks of injury." The rule adopted by the majority does not advance either of these

purposes. Absent a clear directive from the Legislature or the Supreme Court to the contrary, I believe this Court should adopt the analysis and conclusions reached in *Wilson, supra; Fearson, supra;* and *Pierce, supra,* and hold that, the earlier diagnosis of asbestosis notwithstanding, the period of limitation did not commence to run as to the cancer claims of Revard and Glazier until all elements necessary for a cause of action *for such injury* were present.