THOMAS v PROCESS EQUIPMENT CORPORATION

Docket No. 86608. Submitted April 17, 1986, at Detroit. Decided August 18, 1986.

Plaintiffs, Alexander Thomas and Thelma Thomas, brought a products liability action in the Wayne Circuit Court against defendants, Process Equipment Corporation, Stainless Products Corporation, Pittsburgh Paint and Glass Company, and others, for damages for injuries received by Alexander Thomas on November 5, 1981, when an explosion occurred while he was mixing certain chemicals together. The complaint alleged that the explosion was caused by defendants' negligent design, manufacture, and sale of the chemicals and the mixing tank involved and by defendants' breach of express and implied warranties made to Alexander Thomas and his employer. The complaint was filed as a "John Doe" complaint on November 2, 1984. After further investigation, plaintiffs discovered the identity of the defendants and filed an amended complaint on April 30, 1985, naming the defendants. The defendants were all served by May 2, 1985. On May 28, 1985, defendants moved for summary disposition on the ground that plaintiffs' claim was barred by the expiration of the applicable period of limitation. The trial court, Arthur M. Bowman, J., agreed with the defendants and granted their motion. Plaintiffs appeal from the judgment and order to that effect.

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Limitation of Actions §§ 107-117.

Am Jur 2d, Parties §§ 17-19.

Am Jur 2d, Pleadings §§ 306-338.

Am Jur 2d, Products Liability §§ 260-283, 909-923.

Amendment of pleading to add, substitute, or change capacity of, party plaintiff as relating back to date of original pleading, under Rule 15(c) of Federal Rules of Civil Procedure, so as to avoid bar of limitations. 12 ALR Fed 233.

Validity and construction of statute terminating right of action for product-caused injury at fixed period after manufacture, sale, or delivery. 25 ALR4th 641.

Running of statute of limitations on products liability claim against manufacturer as affected by plaintiff's lack of knowledge of defect allegedly causing personal injury or disease. 91 ALR3d 991.

1. The filing of a John Doe complaint is authorized by the court rules.

2. The filing of the John Doe complaint did not toll the running of the period of limitation. The amendment of the complaint to specifically name the defendants did not relate back to the original John Doe complaint. The defendants were new parties to the litigation when they were named in the amended complaint. Since the defendants were new parties when added, and the period of limitation had expired before they were added as parties, defendants were entitled to summary disposition of the action.

3. The period of limitation had already run when plaintiffs moved to amend their complaint. Therefore, plaintiffs' argument that the period of limitation was tolled while the motion to amend the complaint to add the parties defendant was pending was determined to be of no consequence.

4. The four elements necessary to plaintiffs' cause of action were present on November 5, 1981. The claim accrued on that date. Plaintiffs' claim that their action did not accrue until they received competent legal advice in mid-1984 or until they discovered the identity of the defendants in April of 1985 was determined to be without merit.

5. Plaintiffs' argument that the cause of action did not accrue until the identity of the defendants was discovered was determined to be without merit. The discovery rule, which states that the period of limitation does not begin to run until the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, that he had a possible cause of action, is not designed to apply in the context of this case.

Affirmed.

SHEPHERD, J., concurred in the result reached by the majority for the reason that there is no authority in either a statute or court rule authorizing the filing of a John Doe complaint except in limited circumstances that are not present in this action.

OPINION OF THE COURT

1. PRODUCTS LIABILITY — LIMITATION OF ACTIONS.

The period of limitation applicable to a products liability claim is three years from the accrual of such claim (MCL 600.5805[9]; MSA 27A.5805[9]).

2. PLEADING — JOHN DOE COMPLAINTS — COURT RULES.

The filing of a John Doe complaint, i.e., naming no specific defendants but instead referring to them as "XYZ Corporation," is authorized by the court rules (MCR 2.201[D][1]).

3. LIMITATION OF ACTIONS — PLEADING — JOHN DOE COMPLAINTS — AMENDMENT OF COMPLAINTS.

The filing of a John Doe complaint does not toll the running of the period of limitation applicable to the action; defendants not specifically named in a John Doe complaint are not yet parties to the suit, and if added later are considered new parties to the litigation; amendments to a complaint that add new parties do not relate back to the original complaint.

4. PLEADING — LIMITATION OF ACTIONS — ACCRUAL OF CAUSE OF ACTION.

A cause of action generally accrues for purposes of a statute of limitation only when all the necessary elements have occurred and can be alleged in a proper complaint.

5. PRODUCTS LIABILITY — ACCRUAL OF CAUSE OF ACTION — ELEMENTS OF CAUSE OF ACTION.

A plaintiff's products liability claim accrues when the four elements of the cause of action have occurred and can be alleged in a proper complaint; these elements are: (1) the existence of a legal duty by defendant toward plaintiff; (2) the breach of such duty; (3) the proximate causal relation between the breach of such duty and an injury to the plaintiff; and (4) the plaintiff must have suffered damages.

6. LIMITATION OF ACTIONS — ACCRUAL OF CAUSE OF ACTION — KNOWLEDGE OF PLAINTIFF.

It is not necessary for a plaintiff to know that he has suffered an invasion of a legal right before a cause of action accrues.

7. LIMITATION OF ACTIONS — IDENTITY OF TORTFEASOR — TOLLING.

The period of limitation applicable to a cause of action is not tolled pending discovery of the identity of the alleged tortfeasor where all the other elements of the cause of action exist.

CONCURRENCE BY SHEPHERD, J.

8. PLEADING — JOHN DOE COMPLAINTS — COURT RULES.

*The court rule which authorizes the filing of a John Doe complaint against an unknown party applies only to unknown interested persons who are unknown claimants, unknown owners or unknown heirs, devisees, or assignees of a deceased person (MCR 2.201[D][1]).*

*Clayton C. Jones,* for plaintiffs.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Mi-*

*chael F. Schmidt* and *Maurice A. Borden*), for Process Equipment Corporation and Stainless Products Corporation.

*Shelton & Bourne* (by *Haskell Shelton* and *Robert E. Bourne*), for Pittsburgh Paint and Glass Company.

*Barbier, Goulet, Petersmarck, Tolleson, Mead & Paige, P.C.* (by *F. Peter Blake* and *Thomas H. Hill*), for Allied-Kelite Products Division, Richardson Chemical Company.

*Fitzgerald, Hodgman, Rutledge, Cawthorne, King & Manion, P.C.* (by *Vincent C. Rabaut, Jr.*), for Ecclestone Chemical Corporation.

*Miller, Canfield, Paddock & Stone* (by *Gilbert E. Gove* and *Claudia Roberts Ellmann*), for E. I. du Pont de Nemours & Company.

*Zamplas, Paskin, Nagi, Baxter, Johnson & Walker, P.C.* (by *Jeannette A. Paskin*), for Chem-Central/Detroit Corporation.

Before: M. J. KELLY, P.J., and SHEPHERD and C. W. SIMON, JR.,* JJ.

C. W. SIMON, JR., J. Plaintiffs appeal from an order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(7) on the grounds that plaintiffs' claim was barred by the expiration of the applicable period of limitation. We affirm.

On November 5, 1981, Alexander Thomas (hereafter plaintiff) was employed by Michigan Chrome and Chemical Corporation, mixing chemicals manufactured by Pittsburgh Paint and Glass Company

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(and supplied by Allied-Kelite Products Division, Richardson Chemical Company, a division of Richardson Company), E. I. du Pont de Nemours & Company (and supplied by ChemCentral/Detroit Corporation), and Ecclestone Chemical Corporation (also supplied by ChemCentral), in a tank manufactured and supplied by Stainless Products Corporation. When plaintiff mixed these chemicals according to the directions of his employer, an explosive reaction occurred which caused plaintiff to suffer second- and third-degree burns over approximately one-quarter of his body. According to the complaint, this explosion was caused by defendants' negligent design, manufacture, and sale of the chemicals and the mixing tank involved and defendants' breach of express and implied warranties made to Michigan Chrome and Chemical Corporation and plaintiff.

After several weeks of hospitalization and treatment, plaintiff filed a workers' compensation claim which was eventually redeemed. During the workers' compensation proceeding, plaintiff's compensation lawyer did not advise him of the viability of a products liability claim against the manufacturers of the chemicals, and plaintiff did not become aware of this possibility until he met with his present attorney in April or May of 1984. At the time of this meeting, plaintiff did not know the identities of any of the chemical manufacturers or suppliers. He knew only the names of the chemicals involved.

Seeing no other alternative, plaintiffs proceeded to file a "John Doe" complaint on November 2, 1984. After further investigation, plaintiffs discovered the identity of the chemical manufacturers, and upon receiving permission of the trial court by order, plaintiffs filed an amended complaint on April 30, 1985, naming the defendants. The defen-

dants were all served by May 2, 1985. On May 28, 1985, defendants moved for summary disposition. The lower court held that the period of limitation was not tolled while plaintiffs sought the identity of the alleged tortfeasors and the court further noted that plaintiffs' diligence in attempting to identify defendants also did not toll the period of limitation. Consequently, because plaintiffs' action was commenced almost six months after the three-year period of limitation had expired, the trial court granted defendants' motion for summary disposition.

Plaintiffs have launched a two-prong attack on the lower court's opinion. They first argue that filing a John Doe complaint tolled the period of limitation because the defendants were named and served before the expiration of the summons from that complaint. We disagree.

In a products liability claim, as in this case, there is a period of limitation of three years from the accrual of such claim. MCL 600.5805(9); MSA 27A.5805(9). Plaintiffs attempted to avoid the limitations bar by filing a John Doe complaint, i.e., naming no specific defendants, but instead referring to them as "XYZ Corp.," etc. This type of complaint is authorized by the court rules:

> (1) Persons who are or may be interested in the subject matter of an action, but whose names cannot be ascertained on diligent inquiry, may be made parties by being described as:
> (a) unknown claimants;
> (b) unknown owners; or
> (c) unknown heirs, devisees, or assignees of a deceased person who may have been interested in the subject matter of the action. [MCR 2.201(D)(1), formerly GCR 1963, 201.4(1).]

While the court rules authorize the filing of such a

complaint, they are silent on the effect such a complaint has on the period of limitation.

Plaintiffs argue that the filing of such a complaint satisfies the statute of limitations. Plaintiffs contend that MCR 2.101(B) (an action is commenced by the filing of a complaint) controls and, therefore, whenever a complaint is filed, the statute of limitations has been satisfied and is no longer an immediate issue.

Plaintiffs' position here is untenable. The logical result of plaintiffs' position is that the statute of limitations has little if any import, as it can easily be circumvented by the filing of any type of complaint. This would be a strange result indeed considering that statutes of limitation are seen as promoting justice by the prevention of stale claims being filed. *Lothian v Detroit,* 414 Mich 160, 166-167; 324 NW2d 9 (1982); *Cronin v Minster Press,* 56 Mich App 471, 478-479; 224 NW2d 336 (1974), lv den 393 Mich 811 (1975); *Meda v City of Howell,* 110 Mich App 179, 184; 312 NW2d 202 (1981). More importantly, plaintiffs' position conflicts with the previous holdings of this Court that the filing of a "John Doe" complaint does not toll or satisfy the period of limitation; for all practical purposes all defendants specifically unnamed are not yet parties to a suit. *Meda, supra,* pp 185-186; *Fazzalare v Desa Industries, Inc,* 135 Mich App 1, 6; 351 NW2d 886 (1984).

Plaintiffs also argue that even if the John Doe complaint did not satisfy the statute of limitations, their amended complaint of April 30, 1985, named specific defendants, and because amendments relate back to the original complaint, MCR 2.118(D) [formerly GCR 1963, 118.4], and the original complaint was filed within the three-year limitation period, the action is not time-barred. However, this argument ignores the holding in *Meda* and *Fazza-*

*lare* that defendants not specifically named in John Doe complaints are not yet parties to the suit and, if added later, are considered new parties to the litigation. Therefore, amendments to a complaint that add new parties do not relate back. See also *Browder v International Fidelity & Ins Co,* 98 Mich App 358, 361; 296 NW2d 60 (1980), aff'd 413 Mich 603 (1982). Since defendants in the instant case were considered new parties when added, and the period of limitation had expired before they were added as parties, they were entitled to summary disposition.

Plaintiffs' final argument on this issue is that because they were diligent in their attempts to determine the identity of the defendants, the period of limitation should have been tolled. However, the "diligent plaintiff" exception is not as broad as plaintiffs would have us believe. Plaintiffs rely on *Charpentier v Young,* 83 Mich App 145; 268 NW2d 322 (1978), rev'd on other grounds 403 Mich 851 (1978). By order, the Supreme Court held that the period of limitation was tolled during the time in which the motion to amend the complaint to add parties defendant was pending, plaintiffs having demonstrated due diligence by seeking a decision on their motion within three weeks. Thus, as stated in *Moore v Flower,* 108 Mich App 214, 217; 310 NW2d 336 (1981), remanded 414 Mich 897 (1982):

> Application of statutes of limitations is a counting procedure with a primary purpose being to give the parties and the courts a specific time at which the statutory bar goes into effect. We find that the Supreme Court order in *Charpentier, supra,* applies such a rule and hold that, when a plaintiff moves to add a party defendant or to amend a complaint to do so, the statute of limitations is tolled during the time in which the motion

to add parties or amend the complaint is pending in the trial court.

In this case, plaintiffs did not move to amend their complaint until the period of limitation had already run; tolling the period of limitation while the motion was pending would make no difference. Plaintiffs have provided this Court with no reason why their action is not time-barred. Thus, the trial court acted properly in granting defendants' motion for summary disposition.

Plaintiffs' second issue is that their cause of action did not accrue until the identity of all the defendants was discovered. In determining when a cause of action accrues for purposes of a statute of limitations, the general rule is that a cause accrues only when all the necessary elements have occurred and can be alleged in a proper complaint. *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146, 150; 200 NW2d 70 (1972); *Luick v Rademacher,* 129 Mich App 803, 806; 342 NW2d 617 (1983). Given that the instant case involves a products liability claim, plaintiffs' claim accrued when four elements had occurred and could be properly pled:

A cause of action arising out of tortious injury to a person accrues when all the elements of the cause of action have occurred and can be alleged in a proper complaint. These elements are:

1. The existence of a legal duty by defendant toward plaintiff;

2. the breach of such duty;

3. the proximate causal relation between the breach of such duty and an injury to the plaintiff; and

4. the plaintiff must have suffered damages. [*Lefever v American Red Cross,* 108 Mich App 69, 72; 310 NW2d 278 (1981).]

See also *Connelly v Paul Ruddy's Co, supra,* p 150.

Plaintiffs do not deny that these four elements were present on November 5, 1981. Instead, plaintiffs claim that they did not know they had a legal cause of action until mid-1984, when they met with their present attorney, and that they were not aware of the identity of the defendants until April of 1985. Plaintiffs therefore conclude that their cause of action accrued in mid-1984 or April of 1985.

Plaintiffs are basically arguing that until they had competent professional advice their cause of action did not accrue. This position is at odds with the well-established principle that it is not necessary for a plaintiff to know he has suffered an invasion of a legal right before a cause of action accrues. *Leary v Rupp,* 89 Mich App 145, 148; 280 NW2d 466 (1979); *Huntington Woods v Wines,* 122 Mich App 650, 652; 332 NW2d 557 (1983). Indeed, if plaintiffs' position was followed, no statute of limitations would have any effect.

> It would be an extremely dangerous rule of law that the accrual date of a cause of action is held in abeyance indefinitely until a prospective plaintiff obtains professional assistance to determine the existence of a possible cause of action. Under such a theory, no limitations period would ever be binding. [*Sedlak v Ford Motor Co,* 64 Mich App 61, 63; 235 NW2d 63 (1975).]

See also *Stoneman v Collier,* 94 Mich App 187, 193; 288 NW2d 405 (1979); *Reiterman v Westinghouse, Inc,* 106 Mich App 698, 703; 308 NW2d 612 (1981). Consequently, plaintiffs' position is without merit.

Plaintiffs' other argument is that a cause of action did not accrue until the identity of the defendants was discovered. This is a version of

what is called the "discovery rule," which states that the period of limitation does not begin to run until the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, that he had a possible cause of action. *Filcek v Utica Building Co,* 131 Mich App 396, 399; 345 NW2d 707 (1984); *Mays v Three Rivers Rubber Corp,* 135 Mich App 42, 49; 352 NW2d 339 (1984). Quite recently this doctrine has been applied in the products liability context. *Bonney v The Upjohn Co,* 129 Mich App 18, 35; 342 NW2d 551 (1983), lv den 419 Mich 868 (1984); *Cullender v BASF Wyandotte Corp,* 146 Mich App 423, 427; 381 NW2d 737 (1985); contra, *Larson v Johns-Manville Sales Corp,* 140 Mich App 254, 267; 365 NW2d 194 (1985), lv gtd 422 Mich 975 (1985).

The problem with plaintiffs' position is that they apply the discovery rule in a context in which it is not designed to apply. In both *Bonney* and *Cullender,* the delay in discovery was not that of the identity of the alleged tortfeasor, but was a delay in discovering that a disease was related to exposure to certain products (i.e., the element of proximate cause). As this Court stated in *Reiterman v Westinghouse, supra,* p 704:

> There is a plethora of case law holding that the statute of limitations is not tolled pending discovery of the identity of the alleged tortfeasor where all the other elements of the cause of action exist.

See also *Thomas v Ferndale Laboratories, Inc,* 97 Mich App 718, 720; 296 NW2d 160 (1980); *Pendergast v American Fidelity Fire Ins Co,* 118 Mich App 838, 843; 325 NW2d 602 (1982); *Taulbee v Mosley,* 127 Mich App 45, 47-48; 338 NW2d 547 (1983).

We decline to accept plaintiffs' invitation to

adopt the holding in the recent decision in *Yustick v Eli Lilly & Co,* 573 F Supp 1558 (ED Mich, 1983). In *Yustick,* a case involving the drug diethylstilbestrol (DES), a federal district court held that plaintiff's claim did not accrue for statute of limitations purposes until the identity of the alleged tortfeasor was discovered. 573 F Supp, p 1562. However *Yustick* is a federal case relying for the most part on federal law. Second, *Yustick* involves the drug DES, which often did not make its negative effects known on the children of its users for up to twenty years. As such, a DES case involves special considerations not present in the instant case. Thus we find that *Yustick* is not binding on this Court and, as previously stated, we decline to follow it.

Plaintiffs' claim accrued on November 5, 1981, and at that time all the elements of a products liability claim had occurred and could be pled in a proper complaint. Plaintiffs have been unable to provide this Court with any reason to delay this date in any way. Therefore, we hold that the trial court did not err in granting summary disposition in favor of the defendants.

Affirmed.

M. J. KELLY, P.J., concurred.

SHEPHERD, J. *(concurring).* I concur in the result reached by the majority for the reason that there is no authority in either a statute or court rule authorizing the filing of a "John Doe" complaint except in limited circumstances that are not present here. At one time there was a statute that generally authorized the filing of a complaint against an unknown defendant. MCL 600.6733; MSA 27A.6733. However, that statute was repealed by 1974 PA 297, § 2 effective April 1, 1975.

The only other authority for filing a complaint against an unknown party is MCR 2.201(D)(1). However, the court rule only applies to unknown interested persons who are "unknown claimants," "unknown owners," or "unknown heirs, devisees, or assignees of a deceased person." The John Doe defendants in the present case do not fit into any of these categories. That is not surprising since, as stated in Martin, Dean & Webster, Michigan Court Rules Practice (2d ed), Rule 2.201, p 8: "The provisions concerning unknown parties are of use chiefly in actions concerning interests in property, estates, trust funds, etc."

*Meda v City of Howell,* 110 Mich App 179; 312 NW2d 202 (1981), and *Fazzalare v Desa Industries, Inc,* 135 Mich App 1; 351 NW2d 886 (1984), cited in the majority opinion, do not squarely address this issue. However, the Court in *Meda* did state that the action against the John Doe defendant did not commence until the plaintiff filed an amended complaint naming the previously unidentified defendant. *Meda,* p 185, n 1. It implicitly follows from the Court's statement that there is no authority in most types of cases for filing a John Doe complaint and the filing of such a complaint is without effect. In my view, if we were to hold that a John Doe complaint is a legitimate procedural device, the unknown persons would become parties when the complaint is filed and the period of limitation would cease to run against the plaintiff the moment the complaint was filed even though the defendant is still unknown. For this reason I find the following statement in *Fazzalare* internally inconsistent; "While we are persuaded of no reason to prohibit the filing of 'John Doe' complaints, it is our opinion that the running of the applicable statutory limitation period is not inter-

rupted by the filing of such a complaint." *Fazzalare,* p 6.

For all these reasons, I am inevitably, although reluctantly, drawn to the conclusion that there is no authorization in most cases and certainly none in this case for filing of a John Doe complaint, and that the complaint or amended complaint naming the defendants must be filed within the statutory period. My reluctance is based on a personal preference for a rule that would permit John Doe complaints in all cases. I do not believe that the result reached here is just, but it is a result mandated by the law. A just result would, in my view, be one which allows a John Doe complaint to be filed, coupled with a due diligence requirement in cases where the defendant is, in fact and with good reason, unknown when the original complaint is filed.