File Name: 05a0007n.06
Filed: January 4, 2005

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**No. 03-2031**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MACARL DERUSO; DANIELLE DERUSO; MARKELL DERUSO; JAMARL DERUSO; MACIAH DERUSO; MICAH DERUSO; KEIONA CALLOWAY; AYINA CALLOWAY, | ) ) ) ) ) | |
| | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Plaintiffs-Appellants, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF DETROIT, a Michigan Municipal Corporation; CITY OF DETROIT POLICE DEPARTMENT; JOHN DOES, John Does I-IV, individually and in their representative capacities as Police Officers for the City of Detroit and the City of Detroit Police Department, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: NELSON and COOK, Circuit Judges; SARGUS, District Court Judge[*]

COOK, Circuit Judge. Plaintiffs appeal the district court's decision granting summary judgment in favor of the City of Detroit and dismissing their claims against individual city police officers as time-barred. We affirm.

---

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

No. 03-2031
*Deruso v. Detroit*

I.

Plaintiffs sued the City of Detroit, the Detroit Police Department, and unnamed police officers alleging that the officers' conduct in connection with MaCarl Deruso's arrest and detention (and the corresponding detainment of his family and others with him when arrested) violated state and federal law and their constitutional rights. The district court granted summary judgment in favor of the City on Plaintiffs' tort claims, state constitutional claims, and § 1983 claims. The court dismissed the claims brought against unnamed officers because the limitations period expired without Plaintiffs having amended the complaint to name those Defendants.[1] On appeal, Plaintiffs challenge only the district court's grant of summary judgment on their § 1983 claims and the dismissal of claims against the individual police officers. We review de novo.

II.

A. Detroit's § 1983 Liability

---

[1]Plaintiffs moved to file a third amended complaint to identify the unnamed officers, but the magistrate judge to whom the motion was referred denied the motion because the limitations period had already expired. Under Michigan law, "John Doe" complaints do not satisfy or toll the statute of limitations. *Thomas v. Process Equip. Corp.*, 397 N.W.2d 224, 226 (Mich. Ct. App. 1986). And the naming of unidentified defendants constitutes a change of defendants; as such, amended "John Doe" complaints do not relate back to the original complaint. *Id. See also Fazzalare v. Desa Indus., Inc.*, 351 N.W.2d 886, 888 (Mich. Ct. App. 1984).

A municipality faces § 1983 liability only when its execution of a policy or custom is the "moving force" behind the constitutional violation. *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998). "[I]n other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978).

Plaintiffs contend they presented sufficient evidence of Detroit's custom or policy of arresting and detaining witnesses and suspects without probable cause to survive summary judgment. Our review, however, confirms the district court's contrary assessment—that Plaintiffs not only failed to identify a specific city policy to support their claim, but also presented no evidence from which a trier of fact could conclude that any such policy motivated Plaintiffs' arrest and detainment. As purported evidence of custom, Plaintiffs offer just one unsupported sentence: "While defendant argues that there was no city *custom* of violating constitutional rights, the hundreds of cases filed in Wayne County alone against the City of Detroit indicates otherwise." (Brief in Support of Plaintiff's Answer to City of Detroit's Motion for Summary Judgment at P.19, J.A. at 498.) The record thus lacks the requisite evidence of "an officially executed policy, or the toleration of a custom . . . [that] leads to, causes, or results in the deprivation of a constitutionally protected right." *Doe v. Claiborne County, Tenn.,* 103 F.3d 495, 507 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 690–91).

Plaintiffs similarly failed to support their failure-to-train premise for § 1983 liability. Though "inadequacy of police training may serve as the basis for § 1983 liability," *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) such liability exists only "where the failure to train

amounts to deliberate indifference to the rights of persons with whom the police come into contact"
and the identified training-program deficiency actually caused the ultimate injury. *Id*. at 388, 391.
As the district court opined, Plaintiffs' response to the summary judgment motion offered no
evidence that would support such a theory. Although Plaintiffs pointed the court to deposition
testimony from officers that they received no training since leaving the police academy, Plaintiffs
neglected even to allege that this purported deficiency amounts to deliberate indifference or that it
actually caused their injury. We thus agree with the district court that Plaintiffs failed to present a
question of fact in the face of the City's motion for summary judgment.

## B. Claims Against Individual Officers

Turning to Plaintiffs' objection to the dismissal of their claims against individual police
officers, we likewise view the district court judgment affirmatively. Plaintiffs do not dispute their
failure to identify the unnamed police officers within the limitations period, but insist the limitations
period should be tolled because the City and Police Department's discovery abuses prevented timely
discovery of the officers' names. The district court treated this argument as forfeited under Rule 72
of the Federal Rules of Civil Procedure due to the failure to timely object to the magistrate's report.[2]
Even assuming no forfeiture, however, we find equitable tolling unwarranted. Plaintiffs could not

---

[2]The Rule requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed. Fed. R. Civ. P. 72(a). Here, Plaintiffs, supporting their motion to amend the complaint, argued their tolling theory to the magistrate but failed to object to the order denying amendment. This, the district court concluded, foreclosed further litigation of the argument.

deny during the summary judgment hearing that they obtained the names of the police officers involved in the incident, as well as some of the officers' reports, well before the expiration of the limitations period. Plaintiffs instead argued that because the information Defendants gave them was overbroad and not directly responsive to the questions asked, they were prevented from properly amending their complaint. The magistrate judge rejected this argument and we similarly find it unpersuasive following our review of the City's responses to Plaintiffs' interrogatories on the subject. Absent a compelling reason for tolling the statute of limitations, the district court properly dismissed the complaints as time-barred.

## III. Conclusion

Accordingly, we affirm the district court's grant of summary judgment in favor of the City on Plaintiffs' § 1983 claims and dismissal of claims against the individual officers.