CULLENDER v BASF WYANDOTTE CORPORATION

Docket Nos. 69779, 70323. Submitted June 5, 1984, at Detroit.—Decided October 11, 1985.

In the course of his employment Everett N. Cullender was exposed to plastic manufactured by BASF Wyandotte Corporation and Dow Chemical Company which was, in turn, incorporated into seat cushions fabricated by Hoover Chemical and Ballbearing Corporation. The seat cushions and vinyl coverings contained the chemical acrylonitrile. On August 22, 1977, Mr. Cullender was found to have a colonic tumor which was found, on June 26, 1978, to be cancerous. On June 24, 1981, it was discovered that Mr. Cullender had cancer in both lungs. Cullender and his wife, Freda Cullender, filed suit against BASF Wyandotte Corporation, Hoover Chemical and Ballbearing Corporation, and Dow Chemical Company in Wayne Circuit Court alleging that exposure to the seat cushions and coverings produced by the defendants caused Mr. Cullender's cancer and seeking damages therefor. On April 16, 1982, Mr. Cullender died from the cancer allegedly caused by defendants' products. Freda Cullender, individually and as personal representative of the estate of Everett N. Cullender, deceased, filed an amended complaint against defendants alleging wrongful death and breach of warranty. The court, Maureen Pulte Reilly, J., granted accelerated judgment in favor of defendants on the wrongful death claim, finding that the period of limitation began to run on the day Mr. Cullender discovered he had a tumor in his colon, August 22, 1977, and that it had already barred any action by Mr. Cullender prior to his death and that

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Death §§ 35 et seq.
   See the annotations in the ALR3d/4th Quick Index under Death § 3.
[2] Am Jur 2d, Courts §§ 74, 190.
[3, 4] Am Jur 2d, Products Liability §§ 909 et seq.
   Running of statute of limitations on products liability claim against manufacturer as affected by plaintiff's lack of knowledge of defect allegedly causing personal injury or disease. 91 ALR3d 991.
   When cause of action arises on action against manufacturer or seller of product causing injury or death. 4 ALR3d 821.

the wrongful death statute did not revive an already-lapsed cause of action upon the death of the injured party. The court also denied defendants' motion for accelerated judgment against plaintiff's second count, a products liability claim based on breach of warranty. Plaintiff appealed, arguing that the cause of action for wrongful death did not accrue until Mr. Cullender died or, in the alternative, that the cause of action could not have accrued until Mr. Cullender learned that there might be a connection between the cancerous tumor and defendants' products. Defendants BASF and Hoover cross-appealed, arguing that the trial court improperly denied their motion for accelerated judgment against plaintiff's breach of warranty claim. Dow Chemical filed a separate appeal on the same issue. The appeals have been consolidated. *Held:*

1. The trial court erred in granting defendants' motion for accelerated judgment on plaintiff's wrongful death claim. The cause of action did not accrue until Mr. Cullender either discovered or, through the exercise of reasonable diligence, should have discovered that he had a possible cause of action.

2. The trial court correctly denied defendants' motion for accelerated judgment on the breach of warranty claim.

Reversed in part, affirmed in part and remanded.

1. LIMITATION OF ACTIONS — ACCRUAL OF CAUSE OF ACTION — WRONGFUL DEATH.

Actions brought under the wrongful death act accrue as provided by the statue of limitations governing the underlying theory of liability and not at the date of the decedent's death (MCL 600.2922; MSA 27A.2922).

2. COURTS — DECISIONS — DICTUM.

The decision of a court of last resort which intentionally takes up, discusses and decides a question germane to, though not necessarily decisive of, the controversy is not dictum but is a judicial act of the court which it will thereafter recognize as a binding decision.

3. LIMITATION OF ACTIONS — PRODUCTS LIABILITY — DISCOVERY RULE.

The period of limitation does not begin to run in a products liability case against a manufacturer until the plaintiff discovers or through the exercise of reasonable diligence should have discovered that he had a possible cause of action.

4. PRODUCTS LIABILITY — BREACH OF WARRANTY — CAUSES OF ACTION — ACCRUAL OF CAUSE OF ACTION — LIMITATION OF ACTIONS.

The discovery rule which provides that in an action for damages based on breach of a warranty of quality or fitness the claim

accrues at the time the breach of warranty is discovered or reasonably should be discovered should be construed together with the statute of limitations for products liability actions to determine the accrual date of causes of action for products liability based on breach of implied warranty (MCL 600.5805[9], 600.5833; MSA 27A.5805[9], 27A.5833).

*Lakin, Worsham & Victor, P.C.* (by *Larry A. Smith*), for plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Gerald C. Davis* and *Kenneth A. Slusser*), for BASF Wyandotte Corporation.

*Clark, Klein & Beaumont* (by *David M. Hayes, Charles D. Bavol,* and *Kathi A. Kuehnel*), for Hoover Chemical & Ballbearing Corporation.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Marcia Jobe* and *Roger F. Wardle*), for Dow Chemical Company.

Before: R. M. MAHER, P.J., and HOOD and R. B. MARTIN,* JJ.

PER CURIAM. Plaintiff filed an amended complaint alleging that defendants were liable to plaintiff under theories of wrongful death and breach of warranty for the death of plaintiff's decedent, Everett N. Cullender. The circuit court granted accelerated judgment in favor of defendants on the first count, finding that the statute of limitations barred this claim. The court denied a similar motion on the second count, however, after concluding that this cause of action was not time-barred. Plaintiff appeals from the first order; defendants BASF and Hoover have cross-appealed from the court's second order.

* Retired circuit judge, sitting on the Court of Appeals by assignment.

In the amended complaint and subsequent pleadings, plaintiff alleged the following facts as foundation for both claims against defendants. Plaintiff's decedent was exposed to the chemical acrylonitrile, AN, through his employment until June 27, 1978. The chemical was contained in plastic supplied by defendants BASF and Dow Chemical Company which was, in turn, incorporated into seat cushions fabricated by defendant Hoover. On August 22, 1977, Mr. Cullender was found to have a colonic tumor which was found, on June 26, 1978, to be cancerous. Sometime in 1980, Mr. Cullender discovered through his own research and investigation that AN was exuded by the materials used in his employment and, apparently, that inhalation or ingestion of AN causes cancer of the colon. Prior to this discovery, Mr. Cullender had had no knowledge that these conditions could cause or contribute to colonic cancer. At some point prior to June 24, 1981, Mr. Cullender developed cancer in both lungs which was allegedly found to be consistent with colonic origin. Plaintiff and Mr. Cullender subsequently filed suit against defendants on June 24, 1981. On April 16, 1982, Mr. Cullender died from the cancer allegedly caused by defendants' products.

Plaintiff's first count, entitled "Wrongful Death", was based on the underlying theory of defendants' negligence in their roles as manufacturers and suppliers of the products which caused Mr. Cullender's death. The trial court ruled that the period of limitation for this action began to run on the day Mr. Cullender discovered he had a tumor in his colon, August 22, 1977, and that it had already barred any action by Mr. Cullender prior to his death. The court then ruled that the wrongful death statute, MCL 600.2922; MSA 27A.2922, did not revive an already-lapsed cause of

action upon the death of the injured party. On appeal, plaintiff argues that the cause of action for wrongful death did not accrue until Mr. Cullender died. Plaintiff also argues that even if this is not true, the cause of action could not have accrued until Mr. Cullender learned that there might be a connection between the cancerous tumor and defendants' products. We find that plaintiff's first contention has been disposed of by the Supreme Court in *Hawkins v Regional Medical Laboratories, PC,* 415 Mich 420, 436; 329 NW2d 729 (1982), in which the majority "expressly [held] that in all actions brought under the wrongful death statute, the limitations period will be governed by the provision applicable to the liability theory of the underlying wrongful act". This holding is binding on this Court despite the fact that it is technically *dictum. Detroit v Michigan Public Utilities Comm,* 288 Mich 267, 299-300; 286 NW 368 (1939). However, we also find that plaintiff's underlying cause of action for products liability based on negligence did not accrue until Mr. Cullender either discovered or, through the exercise of reasonable diligence, should have discovered that he had a possible cause of action. In so holding, we follow this Court's opinion in *Bonney v Upjohn Co,* 129 Mich App 18, 24; 342 NW2d 551 (1982), *lv den* 419 Mich 868 (1984). In *Bonney,* this Court examined the development and application of the "discovery rule" in Michigan and found that the rule had been applied previously in a number of products liability actions. The *Bonney* Court also examined and rejected the defendant's claim that the Supreme Court's decision in *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146; 200 NW2d 70 (1972), should be interpreted so as to find that a claim accrues *when* the four *"Connelly"* elements are in place. *Bonney, supra,* 129 Mich

App 28. This analysis is contradicted by the majority opinion in *Larson v Johns-Manville Sales Corp,* 140 Mich App 254, 265-267; 365 NW2d 194 (1985). However, after examining both *Bonney* and *Larson,* we believe that *Bonney* represents the better approach and consequently adopt its reasoning. We, therefore, find that the trial court erred by granting defendants' motion for accelerated judgment on plaintiff's wrongful death claim.

In their cross-appeal, defendants BASF and Hoover argue that the trial court improperly denied their motion for accelerated judgment against plaintiff's second count, a products liability claim based on breach of warranty. Defendants contend that the three-year period of limitation for products liability actions, MCL 600.5805(9); MSA 27A.5805(9), began to run on August 22, 1977, when Mr. Cullender learned he had a colonic tumor, and that the statute of limitations therefore barred plaintiff's claim as of August 22, 1980. We disagree for the reasons stated in our discussion of the first issue. We further find that the "discovery rule" contained in MCL 600.5833; MSA 27A.5833 should be construed together with MCL 600.5805(9); MSA 27A.5805(9) to determine the accrual date of causes of action for products liability based on breach of implied warranty. The trial court's denial of defendants' motion for accelerated judgment on this issue is affirmed.

Reversed in part; affirmed in part. Remanded to the trial court for further proceedings not inconsistent with this opinion.