GRIMM v FORD MOTOR COMPANY

Docket No. 85148. Submitted August 27, 1986, at Detroit. Decided
December 30, 1986.

Kenneth Grimm, as personal representative of the estate of his
deceased wife, Helen Grimm, brought a wrongful death action
in the Macomb Circuit Court against Ford Motor Company and
several chemical companies who had supplied polyvinyl chlo-
ride (PVC) to Ford's vinyl plant in Mt. Clemens. Plaintiff alleged
that the decedent had died from breast cancer contracted as a
result of exposure to PVC products from the Ford vinyl plant,
which was located near plaintiff and decedent's neighborhood.
The trial court, Raymond R. Cashen, J., granted defendants'
motion for summary disposition, ruling that plaintiff's claim
was barred under the applicable statute of limitation. Plaintiff
appealed.

The Court of Appeals *held:*

The statute of limitation applicable to the theory of liability
for the underlying wrongful act governs an action brought
under the wrongful death act. In this case, the three-year
period of limitation for the underlying theory of liability, i.e.,
products liability, had expired before plaintiff filed his com-
plaint in 1983. All the elements of plaintiff's cause of action
were manifest and could have been pleaded in a proper com-
plaint by at least 1976, under the statute of limitation, and no
later than 1979.

Affirmed.

LIMITATION OF ACTIONS — WRONGFUL DEATH — SURVIVAL OF ACTIONS.
The statute of limitations applicable to the theory of liability for
the underlying wrongful act governs an action brought under
the wrongful death act (MCL 600.2922; MSA 27A.2922).

*Bebout, Potere, Cox & Hughes, P.C.* (by *Francis
P. Hughes* and *John P. Strayer*), for plaintiff.

REFERENCES

Am Jur 2d, Death §§ 35-38.

Time from which statute of limitations begins to run against cause
of action for wrongful death. 97 ALR2d 1151.

*Barbier, Goulet, Petersmarck, Tolleson, Mead & Paige, P.C.* (by *Meria E. Larson* and *Thomas H. Hill*), for B. F. Goodrich Company.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Dennis M. Haffey*), for Union Carbide Corporation, Tenneco Resins, Inc., Tenneco, Inc., Uniroyal, Inc., Allied Corporation, Occidental Chemical Corporation, and The Firestone Tire and Rubber Company.

Of Counsel on Brief:

*Meyer, Kirk, Snyder & Safford* (by *Ralph Safford* and *Patrick K. Rode*), for Stauffer Chemical Company.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Ralph R. Valitutti* and *Susan K. Zitterman*), for Diamond Shamrock Corporation.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Steven C. Nadeau*), for Ford Motor Company.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C.* (by *Robert D. Brignall*), for Goodyear Tire & Rubber Company.

Before: MacKenzie, P.J., and Bronson and R. A. Benson,* JJ.

Per Curiam. Plaintiff, as personal representative of the estate of his wife, Helen Grimm, filed a wrongful death action against the defendants in Macomb Circuit Court on August 15, 1983. Plaintiff claims that his wife contracted breast cancer as a result of exposure to polyvinyl chloride (PVC)

---

* Circuit judge, sitting on the Court of Appeals by assignment.

products from the Ford Motor Company vinyl plant in Mt. Clemens. The decedent was diagnosed as having breast cancer in 1965, approximately eight years after they moved into the neighborhood near the Ford plant. Plaintiff and his wife moved out of the neighborhood in 1974 and the decedent died of cancer in 1980.

All defendants subsequently moved for summary disposition asserting that the applicable period of limitation had expired. MCR 2.116(C)(7). The trial court initially ruled that the limitation period applicable to products liability actions applied to plaintiff's action. Since the defendant chemical suppliers had last delivered PVC to the Ford plant in 1976, the court ruled that the period of limitation expired in 1979 and those defendants were entitled to summary disposition. As to defendant Ford, the court determined that plaintiff's claim accrued at the very latest in 1977, when all the elements of the cause of action were present. Therefore, the period of limitation expired in 1980 and defendant Ford was also entitled to summary disposition. Plaintiff now appeals as of right challenging the trial court's rulings that his claim is time-barred.

Plaintiff initially asserts that a claim under the wrongful death act, MCL 600.2922; MSA 27A.2922, is an independent cause of action which arises at death. Since the decedent died August 16, 1980, under the plaintiff's analysis the suit filed August 15, 1983, would be timely. We cannot agree.

In *Hawkins v Regional Medical Laboratories, PC,* 415 Mich 420; 329 NW2d 729 (1982), our Supreme Court held that a cause of action under the wrongful death act accrued as provided by the statutory provisions governing the underlying liability theory, not at the date of death. *Hawkins, supra,* p 437. In so ruling, the majority opinion

expressly overruled the holding in *Coury v General Motors Corp,* 376 Mich 248, 251; 137 NW2d 134 (1965), that a cause of action for a wrongful death and damages resulting therefrom accrues when that death occurs. Thus, under *Hawkins,* courts must look to the wrongful act causing death, or injuries resulting in death, but not to the death itself in determining the applicable limitation period.

However, plaintiff in this case argues that we should not follow *Hawkins* because the portions of the opinion overruling *Coury* were allegedly obiter dictum. See *Hawkins, supra,* p 441 (Justice LEVIN, J. concurring). Defendants disagree and argue that the holding on the question of accrual of the cause of action under the wrongful death act was not dictum because the Court intentionally discussed and decided that issue. According to the defendants, the issue was germane to, if not necessarily decisive of, the controversy and therefore should be recognized as a binding decision. We note, however, that since the majority opinion in *Hawkins* was not signed by four justices, it is technically not binding precedent. See *Breckon v Franklin Fuel Co,* 383 Mich 251, 278; 174 NW2d 836 (1970); *Corporation & Securities Comm v American Motors Corp,* 4 Mich App 65, 67; 143 NW2d 767 (1966).

Even if not technically binding precedent, we believe that the majority opinion in *Hawkins* is strong authority for this Court and should be followed. In fact, the *Hawkins* decision has been followed by other panels of this Court as binding precedent. See, e.g., *Cullender v BASF Wyandotte,* 146 Mich App 423, 427; 381 NW2d 737 (1985); *Hardy v Maxheimer,* 149 Mich App 236; 385 NW2d 762 (1986). In this case, plaintiff's claim is a survival-type action under the wrongful death act.

The alleged tortious conduct did not result in instantaneous death. Instead, plaintiff is claiming that defendants injured the decedent causing cancer which untimately resulted in her death. Decedent would have been entitled to bring the action herself during her lifetime. Thus, under *Hawkins,* we believe that the statute of limitation applicable to the underlying tort theory, in this case, products liability, must be applied to plaintiff's claim. *Hawkins, supra,* p 437.

The applicable statute of limitation for products liability actions is three years. MCL 600.5805(9); MSA 27A.5805(9). The critical question in this case is when did the plaintiff's claim accrue for purposes of the three-year limitation period. Concerning the accrual of claims, MCL 600.5827; MSA 27A.5827 provides:

> Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in sections 5829 to 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results.

In *Larson v Johns-Manville Sales Corp,* 140 Mich App 254; 365 NW2d 194 (1985), lv gtd 422 Mich 975 (1985), a panel of this Court held that § 5827 was controlling as to when a claim accrues in a wrongful death action based on products liability theories alleging death and latent diseases caused by chemical exposure. *Larson, supra,* p 267. Defendants assert that we should adopt the *Larson* holding and find that decedent's claim accrued when the wrong was done. According to the defendants, the period of limitation in this case certainly commenced running no later than 1976, because by then the defendants had supplied the

chemicals, the decedent had been exposed to them, and there had been a diagnosis of the disease allegedly caused thereby.

However, as plaintiff correctly points out Michigan courts have, at times, expanded § 5827 to include a discovery rule as a method of defining when a particular claim accrues. Under the discovery rule, a plaintiff's cause of action accrues when he discovers or, through the exercise of reasonable diligence, should have discovered that he had a possible cause of action. *Bonney v The Upjohn Co,* 129 Mich App 18, 24; 342 NW2d 551 (1983), lv den 419 Mich 868 (1984). In *Bonney,* this Court, with Judge MacKenzie dissenting, applied the discovery rule to a products liability case against a drug manufacturer. Here, plaintiff asserts, based on the discovery rule, that his claim accrued in 1981, when, by reading newspaper articles, he became aware of the possibility of a link between the PVC fumes and his wife's cancer. We find plaintiff's argument unpersuasive.

MCL 600.5827; MSA 27A.5827 has been interpreted to mean that a personal injury claim accrues when all of the elements, including the element of damages, are present and can be pleaded in a proper complaint. *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146, 150-151; 200 NW2d 70 (1972). More damage may result later, but no new cause of action or limitation period arises. In our opinion, only where the victim is not aware that he has been injured because the damage is not discoverable by due diligence does the discovery rule apply. See *Filcek v Utica Building Co,* 131 Mich App 396, 399; 345 NW2d 707 (1984). However, once all the elements of a cause of action have manifested themselves, the limitation period begins to run.

In this case, we agree with the defendants'

assertion that by at least 1976, and probably earlier, all the elements of plaintiff's cause of action were manifest and could have been pleaded in a proper complaint. The decedent's breast cancer, the exposure and her damages were all apparent by 1976. Therefore, plaintiff's decedent had three years from that date to file a claim. Since plaintiff's claim was filed later than 1979, the trial court properly granted summary disposition to the defendants pursuant to the applicable statute of limitation.

Further, even if we were to apply the discovery rule, we would still find the plaintiff's claim time-barred. The discovery rule does not mean that a cause of action is held in abeyance indefinitely until a plaintiff obtains professional assistance to determine the existence of a cause of action. *Stoneman v Collier*, 94 Mich App 187, 193; 288 NW2d 405 (1979). A plaintiff must act diligently in discovering his cause of action and cannot simply sit back and wait for others to inform him of his possible claim. Here, the undisputed facts show that plaintiff was aware of a possible connection between the fumes emanating from the Ford plant and the plaintiff's decedent's injuries as early as 1974. Despite these suspicions, no action was taken to investigate a possible cause of action. Therefore, even under the discovery rule plaintiff's claim is barred by his failure to diligently investigate his claim in a timely fashion.

Accordingly, the ruling of the trial court dismissing plaintiff's claim is affirmed.

BRONSON, J., did not participate.