JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Beverly M. Mayor ("Mayor") appeals from the decision of the Cuyahoga County Court of Common Pleas which granted the motions to dismiss of defendants-appellees.[1] Finding no error in the proceedings below, we affirm.
 {¶ 2} The following facts give rise to this appeal. In February 2002, Mayor filed a complaint against numerous defendants seeking recovery for the alleged wrongful death of her husband On September 5, 2002, the trial court granted motions to dismiss the complaint in favor of Ethyl Corporation, Goodrich Corporation, and PolyOne Corporation, "based upon statute of limitations grounds." Mayor appealed. On June 5, 2003, this court dismissed the appeal for lack of a final appealable order because not all the parties to the action had joined in the motions to dismiss, leaving several claims still pending. All parties returned to the trial court with an Agreed Final Order and Judgment Entry. In this judgment entry, all previously non-joined parties were deemed joined in the motions for purposes of the order. The entry applied to all remaining claims or allegations. In addition, the parties agreed that Mayor's complaint would be dismissed with prejudice.
 {¶ 3} Mayor filed a timely appeal and advances the following assignment of error:
 {¶ 4} "The court below erred by dismissing plaintiff's complaint on the ground that plaintiff's claims were barred by the Statute of Limitations."
 {¶ 5} Mayor argues that the wrongful death action is not time-barred because (1) the borrowing provision from the Ohio wrongful death statute does not apply because the wrongful act occurred in Ohio, and not Michigan; or (2) if the borrowing provision applies, Ohio's "discovery rule" applies to toll the time; or (3) the suit was timely filed even with the application of Michigan's statute of limitations and tolling provision; or, alternatively (4) Ohio recognizes a common law action for wrongful death irrespective of the statute.
 {¶ 6} Appellees argue that the Michigan statute of limitations applies, and as a result, Mayor's claim is time-barred. In addition, appellees argue that Mayor failed to preserve the issue of an Ohio common law claim for wrongful death because she failed to raise it at the trial court level.
 {¶ 7} For the reasons adduced below, we find that the borrowing provision does apply and Michigan's statute of limitation bars Mayor's cause of action. We also decline to use Ohio's discovery rule to toll Michigan's statute of limitations. Further, we find Ohio does not recognize a common law cause of action for wrongful death.
 {¶ 8} Mayor's husband was an employee of Ford Motor Company from 1971-1993, in Michigan. He worked at the Ford Motor Company plants in Mount Clemons, Wixom, and Dearborn, Michigan. In February 1993, he was diagnosed with a brain tumor, and he subsequently died in May 1994, in Michigan. According to Mayor, he experienced symptoms of his illness in April 1986. Mayor alleges that his brain tumor was the result of his occupational exposure to vinyl chloride[2] and vinyl chloride containing products while working for Ford.
 {¶ 9} Mayor filed suit on February 12, 2002 in Cuyahoga County, Ohio. Mayor alleges in her complaint that she "did not know or have reason to believe that her husband's illness was work-related. It was not until 2001 that plaintiff first learned that her husband's death was caused by his occupational exposure to vinyl chloride."
 {¶ 10} Mayor alleges that many of the manufacturers and suppliers of the vinyl chloride to which her husband was exposed were located in Ohio. In addition, conspiratorial meetings involving the defendants took place in Cleveland, Ohio, thereby making Cuyahoga County, Ohio, her forum of choice.
 {¶ 11} The main issue is which section of Ohio's wrongful death statute applies, paragraph one or paragraph two of R.C.2125.01. R.C. 2125.01 of the Ohio Revised Code, provides in pertinent part:
 {¶ 12} "When the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued, the person who would have been liable if death had not ensued, or the administrator or executor of the estate of such person, as such administrator or executor, shall be liable to an action for damages, notwithstanding * * *
 {¶ 13} "When death is caused by a wrongful act, neglect, or default in another state or foreign country, for which a right to maintain an action and recover damages is given by a statute of such other state or foreign country, such right of action may be enforced in this state. Every such action shall be commenced within the time prescribed for the commencement of such actions by the statute of such other state or foreign country * * *."
 {¶ 14} The second paragraph of R.C. 2125.01, set forth above, contains a "borrowing" provision, thereby directing Ohio courts to apply the statute of limitations of the foreign state under certain circumstances.
 {¶ 15} In a similar case, Vaughn v. J.C. Penney Co., Inc.
(1987), 822 F.2d 605, the United States Court of Appeals for the Sixth Circuit addressed the issue of when the second paragraph of R.C. 2125.01 applies. In Vaughn, the decedents were alleged to have died in Tennessee from the noxious fumes emitted from a kerosene heater that they used to stay warm in a severe ice storm. The complainants filed a cause of action for wrongful death in Ohio under R.C. 2125.01, alleging that the wrongful acts causing death occurred in Ohio because the heater and kerosene were purchased in Ohio and, consequently, the Ohio statute of limitations applied rather than Tennessee's statute. Id. The court disagreed and applied Tennessee's statute of limitations barring Vaughn's complaint. Id. The court reasoned that Vaughn's suit was brought pursuant to the second paragraph of R.C. 2125.01
triggering the borrowing provision, which requires the court to use Tennessee's statute of limitations. Id.
 {¶ 16} The Vaughn court noted that this was an issue of first impression in Ohio, and "[i]n the absence of a controlling decision on the issue at hand, federal courts must attempt to predict how the state courts will act in the future * * *." Id. at 607, citing Filley v. Kickoff Publishing Co. (6th Cir. 1972), 454 F.2d 1288. The court examined Ohio's wrongful death statute and determined that paragraph one of R.C. 2125.01 applies to causes of action that accrue in Ohio, while paragraph two applies to causes of action that accrue in another state.Vaughn, 822 F.2d at 609. We find the decision and reasoning by the Vaughn court to be persuasive and adopt it herein.
 {¶ 17} The Vaughn court acknowledged that in Ohio, the right to bring an action for wrongful death is created by statute, not by common law. Id. citing Rubeck v. Huffman (1978),54 Ohio St.2d 20; Taylor v. Black Decker Mfg. Co., (1984),21 Ohio App.3d 186. Ohio's original wrongful death statute is presently codified as the first paragraph of R.C. 2125.01. The Vaughn
court stated, "Early cases analyzing the predecessor statutes to section 2125.01 establish that the statute as originally enacted did not provide a cause of action for wrongful acts which resulted in death outside the state of Ohio. See Baltimore O.R.R. v. Chambers, 73 Ohio St. 16, 24-26, 76 N.E. 91 (1905), aff'd, 207 U.S. 142, 52 L.Ed. 143, 28 S.Ct. 34 (1907)." Vaughn,822 F.2d at 608.
 {¶ 18} The Ohio legislature enacted a second statutory provision in order to provide a right to pursue a wrongful death claim for the injuries sustained in a foreign state and it is presently codified as the second paragraph of R.C. 2125.01. Vaughn, 822 F.2d at 608. The Supreme Court of Ohio has stated that without this subsequent enactment, a wrongful death action could not have been maintained in Ohio if the decedent, as a result of a wrongful act, sustained injuries in another state which resulted in death. Id.; see also Baltimore Ohio R.R.,73 Ohio St. at 26 (stating that without this statutory modification, "no action could be maintained in Ohio to recover damages for wrongful death occurring in another state"); Wabash R.R. v. Fox
(1901), 64 Ohio St. 133, 141, (the statute did not "extend to wrongful acts causing death outside of this state"). In order to have a cause of action in Ohio for a wrongful death occurring in a foreign state, the statute requires that a cause of action lie in the foreign state. Baltimore Ohio R.R., 73 Ohio St. at 26;Fox v. Morrison Motor Freight, Inc. (1971), 25 Ohio St.2d 193,196, cert. denied, 403 U.S. 931. The Supreme Court of Ohio has accordingly observed that the Ohio statute provides for the enforcement, rather than the creation, of "a right to sue for an alleged wrongful death occurring in another state." Fox,25 Ohio St.2d at 200 (emphasis added) (also noting R.C. 2151.01
incorporates the statute of limitations of the situs state).
 {¶ 19} The Vaughn court agreed "that these cases establish that the focus of the wrongful death statutes was on the state in which the injuries were sustained or the death occurred, not the state in which the wrongful act occurred. In reaching this conclusion, we note that the first paragraph of section 2125.01
only refers to `death * * * caused by wrongful act, neglect, or default' without referring to the place of the wrongful act or the place of the injury. We believe this is indicative of a legislative intent to create a wrongful death action for those actions which accrued in Ohio — i.e., for those actions where injuries resulting in death were sustained in Ohio as a result of a wrongful act — without regard to where that wrongful act occurred. * * * We believe it is clear that the Ohio statute as originally enacted would provide a wrongful death action for an Ohio citizen who was injured in Ohio even if the product was negligently manufactured in another state, just as he would have a common law tort action for his injuries in Ohio if death had not ensued. We conclude, therefore, that the right to bring a wrongful death action in Ohio courts for a death resulting from injuries sustained in a foreign state is derived from the second paragraph of section 2125.01 even if the wrongful acts allegedly occurred in Ohio." Vaughn, 822 F.2d at 609.
 {¶ 20} The Vaughn court further noted that "wrongful act" is often thought to be synonymous with the term "injury"; consequently, the court must determine when and where an action accrues. Id. It is generally thought that the action accrues when a wrongful act is committed, unless the wrongful act does not give rise to injury immediately. Id. at 610. Likewise, in determining where a cause of action accrues, the court focuses on the state in which the wrongful act occurs, unless the injury results in a different state. Id. In the instant case, Mayor alleges that the wrongful acts occurred in Ohio because vinyl chloride was manufactured here and the alleged meetings were here. Appellees argue that the action accrued in Michigan because that is where the decedent was allegedly exposed to the toxic levels of vinyl chloride, became sick, and died. Appellees argue that if vinyl chloride caused decedent's death, his death was attributable to exposure to vinyl chloride and not to the alleged conspiratorial meetings. Where the alleged wrongful act is not presently harmful, the cause of action did not accrue until injury was sustained; since injuries were sustained in Michigan, the cause of action accrued in that state. Accordingly, we find that the cause of action stems from the second paragraph of R.C.2125.01 and consequently the borrowing provision applies, requiring this court to determine next whether the Michigan statute of limitations bars Mayor's claim.
 {¶ 21} First, we note that Michigan allows a cause of action for wrongful death pursuant to Michigan Compiled Laws Section 600.2922. In Hawkins v. Regional Medical Laboratories, PC
(1982), 415 Mich. 420, the Michigan Supreme Court held that a cause of action under the wrongful death act accrues as provided by the statutory provisions governing the underlying liability theory, not on the date of death. MCL 600.5827 governs when a claim accrues.[3] However, Michigan courts have adopted a discovery rule based on principles of fundamental fairness to mitigate the harsh effects of a statute of limitations. Stephensv. Dixon (1995), 449 Mich. 531, 535. "Under the discovery rule, a plaintiff's cause of action accrues when he discovers or, through the exercise of reasonable diligence, should have discovered that he had a possible cause of action." Grimm v.Ford Motor Co., et al. (1986), 157 Mich. App. 633, citing Bonneyv. The Upjohn Co. (1983), 129 Mich. App. 18. Nevertheless, the discovery rule is narrowly construed to apply only where the victim is not aware that he has been injured because the damage is not discoverable by due diligence. Id. Furthermore, the discovery rule does not hold the cause of action in abeyance indefinitely until a plaintiff obtains professional assistance to determine the existence of a cause of action. Id. citingStoneman v. Collier (1979), 94 Mich. App. 187.
 {¶ 22} In the instant case, Mayor's claims are based in strict products liability, negligence, fraud, and civil conspiracy; each claim has a three-year statute of limitations. See MCL 600.5805. Mayor filed suit February 12, 2002, approximately eight years after her husband's death in May 1994. Mayor's husband was diagnosed with a brain tumor in February 1993 and died a little over a year later. According to Mayor, he experienced symptoms of his illness as early as April 1986. He worked for Ford Motor Company from 1971 to 1993. Mayor argues that her claim does not accrue until 2001 when she learned that her husband's death was caused by his occupational exposure to vinyl chloride. We disagree.
 {¶ 23} In a similar case, Grimm v. Ford Motor Co., et al.
(1986), 157 Mich. App. 633, Grimm filed a wrongful death suit in August 1983 alleging that his wife's death from cancer in 1980 was the result of exposure to polyvinyl chloride[4]
products from the Ford plant in Mt. Clemens. Grimm's wife was diagnosed with breast cancer in 1965, approximately eight years after they moved into the neighborhood near the Ford plant. They moved in 1974, and she died in 1980 from cancer. Grimm argued that his claim did not accrue until 1981, when, by reading newspaper articles, he became aware of the possible link between the PVC fumes and his wife's cancer. The court disagreed finding that all elements of Grimm's cause of action were manifest by late 1976, when the suppliers had last delivered the PVC to the plant, and could have been pleaded in a proper complaint at that time. Id. at 639. The court reasoned that "The decedent's breast cancer, the exposure and her damages were all apparent by 1976." Id. Furthermore, the court stated, "A plaintiff must act diligently in discovering his cause of action and cannot simply sit back and wait for others to inform him of his possible claim." Id. Grimm's complaint was dismissed because it was time-barred.
 {¶ 24} In the present case, we find that the three-year statute of limitations has long since passed and Michigan's discovery rule does not operate to toll the statute until 2001 as Mayor argues. Mayor summarily pleads in her complaint that she "did not know or have reason to believe that his illness was work-related. It was not until 2001 that plaintiff first learned that her husband's death was caused by his occupational exposure to vinyl chloride." However, Mayor alleges that the decedent displayed symptoms as early as 1986, notably the same year theGrimm case was decided, which was still five years after Grimm first learned in the newspaper of the connection between the Ford plant's use of polyvinyl chloride and cancer. Even if the statute does not begin to run at the onset of decedent's symptoms, it surely begins to run when decedent was diagnosed with brain cancer in 1993, which was when he was last exposed to the vinyl chloride.[5] At that point, like Grimm, the decedent's exposure and damage was apparent, and a plaintiff cannot simply sit back and wait for others to inform her of her possible claim. Michigan case law requires the exercise of reasonable diligence on the part of the plaintiff, and this requirement is not treated lightly. See Berrios, II v. Miles, Inc. (1997),226 Mich. App. 470 (affirming trial court's dismissal of product liability claim brought more than three years after plaintiff diagnosed with HIV, stating that the discovery rule applies to the discovery of the injury, and not the later discovery of the consequences of that injury); Stephens v. Dixon (1995), 449 Mich. 531
(holding the discovery rule is not available in ordinary negligence where a plaintiff merely misjudges the severity of a known injury);Lefever v. American Red Cross (1981), 108 Mich. App. 69 (holding accrual date of plaintiff's cause of action is not delayed until she becomes aware of the identity of the alleged tortfeasor that ultimately may be responsible for her injuries). In addition, it is worth mentioning that Mayor does not plead reasonable diligence in her complaint and we further note that vinyl chloride has been linked to several rare diseases, including brain cancer, as early as 1974. Therefore, we find that Mayor's claims are time-barred because Michigan's discovery rule does not save Mayor's claim.
 {¶ 25} Next, this court declines to use Ohio's discovery rule to toll Michigan's statute of limitations. As the Supreme Court of Ohio has stated, Ohio's wrongful death statute does not create a right to sue for an alleged wrongful death occurring in another state; rather it allows for the enforcement of that right. Fox,25 Ohio St.2d at 200. If that right no longer exists because of a bar by the statute of limitations in the state in which the cause of action accrued, it seems untenable to extend the time period by use of this state's discovery rule to allow the claim to be filed in Ohio. The issue is whether Mayor could maintain a cause of action in Michigan for which that right may be enforced in Ohio. See Titchenell v. Bell Helicopter Textron, Inc., et al.
(1989), Northern District of Ohio No. C86-1734. If a state does not recognize a cause of action for wrongful death, then according to R.C. 2125.01, plaintiff could not maintain a cause of action in Ohio. See White v. Bekins Van Lines Co., Inc.
(Dec. 31, 1998), Montgomery App. No. 17159 (holding Indiana's wrongful death statute barred plaintiff's claim filed in Ohio). Therefore, it follows that if the time has run in the state in which the action accrued, Mayor should not be able to salvage her claim here.
 {¶ 26} Finally, as stated previously, Ohio's wrongful death claim was statutorily created because there existed no right at common law.
 {¶ 27} Mayor's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and Cooney, J. concur.
[1] Ford Motor Co. was voluntarily dismissed from the action by Mayor on or about June 25, 2002. The following defendants-appellees remain: Air Products Chemicals, Inc.; Airco, Inc., nka, The Boc Group, Inc.; Allied Signal, Inc., et al.; American Chemistry Council, et al.; Borden Chemical, Inc.; Borden, Inc.; Chevron USA, et al.; GenCorp, Inc.; Georgia Pacific Corp.; Goodrich Polyone Corp.; Occidental Chemical Corp., et al.; Olin Corp.; Rhone-Poulenc Inc.; Tenneco, Inc., et al.; The Society of the Plastics Industry, Inc.; Whitaker Corp.
[2] Vinyl chloride is a toxic chemical compound frequently used in manufacturing. It is a highly combustible, colorless gas.
[3] MCL 600.5827 provides: "Except as otherwise provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in section 5829 to 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results."
[4] Polyvinyl chloride or PVC is a plastic made from vinyl chloride.
[5] As early as 1974, the EPA determined that the maximum contaminant level goal for vinyl chloride in drinking water was zero. OSHA has set the maximum allowable level of vinyl chloride in the workroom air during an eight-hour workday in a forty-hour work week at one part vinyl chloride per million parts of air.