**ALLSTATE INSURANCE COMPANY,** a foreign corporation as Subrogee of Denise Parker, Plaintiff,

v.

**ICON HEALTH & FITNESS, INC.,** a foreign corporation, Defendant.

No. CIV. 02–40242.

United States District Court, E.D. Michigan, Southern Division.

March 16, 2005.

Alan B. McMaster, Grotefeld & Denenberg, Bingham Farms, MI, for Allstate Insurance Company, Plaintiff.

Elizabeth A. Downey, Elizabeth A. Downey Assoc., Bloomfield Hills, MI, for Icon Health and Fitness, Incorporated, Defendant.

### ORDER DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

GADOLA, District Judge.

## I. INTRODUCTION

Before the Court are five separate motions for summary judgment brought by Defendant: (1) on the claims for failure to warn, (2) on the claims for design defects, (3) on the claims of manufacturing defects, (4) on the claim for breach of implied warranty, and (5) on the claims under the Michigan Consumer Protection Act. The Court held a hearing on these motions on November 8, 2004. For the reasons stated below, the Court will deny each of these motions.

## II. BACKGROUND

This diversity action involving products liability arises out of a fire that occurred at Denise Parker's property. As a result of the fire, Plaintiff Allstate Insurance Company ("Allstate") paid Ms. Parker $170,165.31, and Ms. Parker had a deductible of $500.00. Ms. Parker subrogated all her rights and claims from the incident to Allstate. Allstate alleges that the fire started because of a defect in a treadmill and therefore brings these claims against Icon Health and Fitness, Incorporated ("Icon"), the alleged designer and manufacturer of the treadmill. The treadmill was purchased by Ms. Parker in 1996. Plaintiff Allstate brings this action, seeking $170,665.31 in damages, plus costs and interest. Defendant Icon argues that the treadmill was not defective and that the fire started in the ceiling, not in the treadmill.

The Court notes that the parties previously appeared for a final pre-trial conference on May 12, 2004. At the conference it was determined that additional discovery and dispositive motions would be appropriate. Defendant subsequently filed these five separate motions that are presently before the Court.

## III. LEGAL STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judg-

ment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir.1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appro-

priate. *Id.; Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir.1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted); *see Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548; *Matsushita*, 475 U.S. at 586–87, 106 S.Ct. 1348.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990) (Gadola, J.), *aff'd*, 929 F.2d 701, 1991 WL 49687 (6th Cir.1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir.1995).

## IV. ANALYSIS

### A. Failure to Warn

The parties have stipulated to dismiss this claim with prejudice, accordingly the Court need not address the motion regarding this issue. *See* docket entries 77 & 78.

### B. Design Defect

■ Michigan law provides that:

In a product liability action brought against a manufacturer or seller for harm allegedly caused by a production defect[1], the manufacturer or seller is not liable unless the plaintiff establishes that [1] the product was not reasonably safe at the time the specific unit of the product left the control of the manufacturer or seller and that, [2] according to generally accepted production practices at the time the specific unit of the product left the control of the manufacturer or seller, a practical and technically feasible alternative production practice was available that would have prevented the harm without significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others.

Mich. Comp. Laws 600.2946(2). Michigan law also requires "that a prima facie case for products liability requires proof of a causal connection between an established defect and injury." *Skinner v. Square D Co.*, 516 N.W.2d 475, 478, 445 Mich. 153, 159 (1994) (citation omitted). The Michigan Supreme Court has stated that in establishing proximate cause, "[i]t is enough that the plaintiff establishes a logical sequence of cause and effect, notwithstanding the existence of other plausible theories, although other plausible theories may also have evidentiary support." *Mul-*

*holland v. DEC Int'l Corp.*, 432 Mich. 395, 416, 443 N.W.2d 340, 349 (Mich.1989).

■ The parties have not been able to discover the precise design used in the treadmill in question. In particular, the design of the "PWM control board" in the treadmill was done by a third party and the parties have been unable to obtain a clear copy of the schematics for the board. At the hearing held on these motions, both parties unconditionally waived additional discovery. Even without the specific design in evidence, Plaintiff has presented circumstantial evidence to establish a design defect. As the Michigan Supreme Court has noted, "[i]t is within the province of the jury to infer the existence of a defective condition from circumstantial evidence alone." *Caldwell v. Fox*, 394 Mich. 401, 410, 231 N.W.2d 46 (1975).

■ In this case, Plaintiff has provided an expert who claims that "the fire had originated at ... these power resistors" in the treadmill. Lindsay Dep. at 140. That expert also provided an affidavit stating that the evidence "does not provide a reliable basis for a conclusion [that] there were safety devices for the PWM board to prevent an overheating condition." Lindsay Aff. at ¶ 10. The expert also opined that "this defect existed at the time the treadmill left the control of the manufacturer." *Id.* at ¶ 12. A jury could find this alleged omission of safety devices to constitute a design defect.

There is also evidence from which a jury could infer that the defect caused a fire and the resulting damage. *See id.* at ¶ 13. For example, another of Plaintiff's experts claims that after the fire, "[u]nderneath the front of the treadmill, the carpet was gone," which constitutes "more evidence that the fire originated at the front of the

---

1. The term "production" defect includes "design" defect by statutory definition. *See*

Mich. Comp. Laws 600.2945(i).

treadmill." Mihalek Dep. at 67. Plaintiff also claims that this is consistent with the homeowner's testimony that she saw the treadmill on fire. Parker Dep. at 15. While Defendant may rebut this evidence at trial, it is not for this Court to make a factual determination about the existence of a safety device or the origin of the fire. Therefore, the Court will deny Defendant's motion for summary judgment on this issue.

### E. Manufacturing Defect

■ Under Michigan law, to establish a claim for a manufacturing defect, a plaintiff must show (1) the product was defectively manufactured, (2) the product reached the customer in the same condition as when it left the manufacturer, and (3) the defect was a proximate cause of the person's injuries or damages. *Prentis v. Yale Mfg.*, 421 Mich. 670, 365 N.W.2d 176 (1984).

■ Again, Plaintiff has provided an expert affidavit stating that, as an alternative to the design defect, if the treadmill did in fact contain the safety device (as Defendant claims), then "the subject fire was caused by a manufacturing defect as the safety devices allegedly contained in the treadmill failed to function in stopping the component parts from overheating and causing the subject fire." Lindsay Aff. at ¶ 11. As noted above, the expert also opined that "this defect existed at the time the treadmill left the control of the manufacturer" and that "this manufacturing defect caused the fire." *Id.* at ¶ 12–13. As with the design defect claim, the Court concludes that there is a genuine issue of material fact and that summary judgment is inappropriate.

### B. Breach of Express or Implied Warranties

The parties have stipulated to dismiss with prejudice all of the claims regarding an express warranty. The Court, therefore, will only address the claims regarding an implied warranty of merchantability.

■ At the outset, the Court notes that the implied warranty claims are not time barred. The parties agree that Plaintiff's claims are not brought under the UCC. Consequently a three-year statute of limitations applies; the period starts to run at the time of the discovery of the breach of warranty or at the time the breach should have been discovered. Mich. Comp. Laws § 600.5805, 600.5833; *Cullender v. BASF Wyandotte Corp.*, 146 Mich.App. 423, 427–28, 381 N.W.2d 737 (1985). In this case, the alleged breach was discovered on the date of the fire, October 1, 1999. This action was filed on August 22, 2002, less than three years after the fire. Accordingly, the statute of limitations does not bar the claim for breach of warranty.

■■ To succeed on a claim for implied warranty of merchantability, a plaintiff must show "that [1] the product left the manufacturer in a defective condition, and that [2] the defect caused the plaintiffs' injuries." *Jodway v. Kennametal Inc.*, 207 Mich.App. 622, 629, 525 N.W.2d 883 (1994) (citing *Piercefield v. Remington Arms Co.*, 375 Mich. 85, 96–97, 133 N.W.2d 129 (1965)). A Court in this district applying Michigan law stated that "[i]mplied warranty claims do not require the plaintiff to specify the type of defect alleged: the mere showing that *something* went wrong consistent with the existence of a defect is sufficient." *Sundberg v. Keller Ladder*, No. 00–10117, 2001 WL 1397290, at *6, 2001 U.S. Dist. LEXIS 18390, at *17 (E.D.Mich. Nov. 8, 2001) (Lawson, J.) (emphasis in original, citing Michigan cases). In addition, the court stated that in an implied warranty action, "[b]ecause the defect can remain unspecified ... circumstantial evidence alone can provide a suffi-

cient link between the presence of a likely defect and an injury caused." *Id.* at *7, 2001 U.S. Dist. LEXIS 18390, at *19 (citations omitted).

■ In this case, there is circumstantial evidence of a defect. As discussed above, it can be inferred that the fire started in the electrical components of the treadmill and that such a fire would not have occurred unless a defect existed in either design or manufacturing. Plaintiff's expert testimony as well as the homeowner's witnessing the treadmill on fire provide bases for this inference. The alleged defect, which is allegedly the origin of the fire, caused the damage to the property for which Plaintiff seeks compensation. Thus, if a jury were to believe Plaintiff's version of the facts, the jury could find that Defendant breached an implied warranty to provide a safe treadmill.

Defendant vigorously contests the cause and origin of the fire. At the hearing, Defendant noted that three facts are inconsistent with Plaintiff's version of the facts. Such an alleged inconsistency, however, is for the jury to resolve. Similarly, it is for a jury to determine whether the treadmill was left "on" or "off." The homeowner's habit of turning the machine "off" must be weighed by a jury against Plaintiff's alleged physical evidence of electrical current running to the machine at the time of the fire. The Court cannot make this finding as a matter of law. Viewing the facts in the light most favorable to Plaintiff, the non-moving party, the Court determines that summary judgment is not appropriate on the claim for breach of implied warranty.

Finally, Defendant claims in the reply brief, without citation, that "[u]nder Michigan's unified product liability statute, there is no separate cause of action against a manufacturer based on common law breach of implied warranty." *See* docket entry 71. The Court has not found support for this absolute claim. Defendant may means that a claim for breach of implied warranty in Michigan must comply with additional elements that have been supplied by statute. *See, e.g.,* Mich. Comp. Laws 600.2946(2). These elements were addressed above in the context of design and manufacturing defect claims. Again, the Court finds that if the evidence is viewed in the light most favorable to Plaintiff, the non-moving party, these elements can be met. Therefore, the Court will deny summary judgment on the claim of breach of implied warranty.

### E. Michigan Consumer Protection Act

The Michigan Consumer Protection Act provides, in part, that "[u]nfair, unconscionable, or deceptive methods, acts or practices in the conduct of trade or commerce are unlawful and are defined as follows: . . . failure of the other party to the transaction to provide the promised benefits." Mich. Comp. Laws 445.903(1)(y). Defendant first argues that Plaintiff did not state a claim under 445.903(1)(y) in the complaint. Although the complaint does not specify any particular section of the Michigan Consumer Protection Act, it does cites to the Act generally and inclusively. *See* Compl. at ¶¶ 27–30. The Court finds the pleading to sufficiently encompass 445.903(1)(y) and the "promised benefit" of a safe treadmill.

■ The Michigan Court of Appeals has held that, under section (1)(y), a "[b]reach of an implied warranty constitutes a 'failure to provide the promised benefits,' . . . under the Michigan Consumer Protection Act." *Mikos v. Chrysler Corp.,* 158 Mich.App. 781, 784–85, 404 N.W.2d 783 (1987); *see also Gadula v. GMC,* No. 213853, 2001 WL 792499, 2001 Mich.App. LEXIS 692 (Jan. 5, 2001) ("[a] breach of express or implied warranty is a violation of the [Michigan Consumer Pro-

tection] Act."). As discussed above, the Court has denied Defendant's motion for summary judgment on the breach of implied warranty claim. Therefore, because a question of fact remains regarding whether there was a failure to provide the promised benefit of a safe treadmill, the Court will also deny summary judgment on the Michigan Consumer Protection Act.

## V. CONCLUSION

**ACCORDINGLY, IT IS HEREBY ORDERED**, that Defendant's motion for summary judgment based on failure to warn [docket entry 57] is **DENIED AS MOOT** based on the stipulation of the parties to dismiss the claim with prejudice [*see* docket entries 77 & 78].

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment based on design defect [docket entry 55] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment based on manufacturing defect [docket entry 56] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment based on Count III [docket entry 58] is **DENIED AS MOOT** with respect to the breach of express warranty based on the stipulation of the parties to dismiss the claim with prejudice [*see* docket entries 77 & 78], and is **DENIED** with respect to the claims for breach of implied warranty.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment based on the Michigan Consumer Protection Act [docket entry 59] is **DENIED**.

**SO ORDERED.**